Mr. Justice NELSON
 

 delivered the opinion of the Court.
 

 The prisoner was indicted under the third section of the act of Congress, passed 3d March, 1S23, entitled “ An act for the punishment of frauds committed on .the government of the United States.”
 

 The section provides, that if any person shall falsely make, alter, forge, or counterfeit, &c., any deed, power of attorney, order, certificate, receipt, -or other writing, for the purpose of obtaining or receiving, or of enabling' any other person or persons, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum or sums of money; or shall utter or publish as true, or cause to be uttered or published as true, any false, forged, altered or counterfeit deed, <fcc., with intent to defraud the United States, knowing the same to be false, forged, or counterfeit; or shall transmit to, or present at, or cause or procure to be transmitted to or presented at, any office or officer of the government of the United States, any deed, power of attorney, order, certificate, receipt, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; every such person shall be deemed and adjudged guilty of felony, &c.
 

 The indictment contains two counts. The first charges, that one David Goodhard was an applicant for a pension under the act of Congress entitled, “ An act supplementary to the act for the relief of certain officers and soldiers of the Revolution,” passed 7th June, 1832; and that Thomas Staats, Jr., the prisoner, contriving and intending to defraud the United States, and to cause and iuduce the same to pay to the said David divers large sums of money, did cause and procure to be transmitted to the Commissioner of Pensions, and to be presented at the office of the said Commissioner, a certain writing purporting to be made, subscribed, and sworn to, by one Benjamin Chadsey, &c., in which said writing, it was alleged and de
 
 *44
 
 dared, (setting out the contents of the affidavit,) the said Thomas Staats, Jr., knowing the said affidavit to be false and untrue, &e., and did cause and procure to be transmitted to the said Commissioner of Pensions the said false writing and affidavit, as a true writing, in support of the aforesaid application of the said David, with intent to defraud the United States.
 

 The second count is substantially like the first, except that it avers the false affidavit to have' been made by one William Bowsman.
 

 The prisoner, on being arraigned, pleaded not guilty; and, on the trial of the issue, was convicted; whereupon his counsel moved in arrest of judgment; upon whose motion the following questions arose, upon which the opinions of the judges were opposed, and the questions certified to this court: —
 

 1. Whether the said indictment is defective, for the reason, that the acts charged to have been committed by the defendant are not charged to have been committed feloniously, or with a felonious intent; and,
 

 2. Whether the acts charged in the said indictment, to have been committed by the defendant do constitute an offence within the provisions of the first section of the act of Congress above recited.
 

 1. In respect to the first question certified. The general rule is, that the charge must be laid in the indictment so as to bring the case within the description of the offence as given in the statute, alleging distinctly all the essential requisites that constitute it. Nothing is to be left to implication or intendment. Generally speaking, it is sufficient to pursue the words of the act; but if, in pursuing them, there should be any ambiguity or uncertainty in charging the offence, the pleader should regard the substance and legal effect of the enactment. And when words or terms of art are used in the description, that have a technical meaning at common law, these should be followed, being the only terms to express in apt and legal language the nature and character of the crime.
 

 In all cases of felonies at common law, and some, also, by statute, the felonious intent is deemed an essential ingredient in constituting the offence;. and hence the indictment will be defective, even after verdict, unless the intent is averred. The rule has been adhered to with great strictness; and properly so, where this intent is a material element of the crime.
 

 Sir William Blackstone observes, that, the term
 
 felomj
 
 originally denoted the penal consequences of the crime, namely, the forfeiture of the lands and goods; but that, by long use, it came, at last, to signify the actual crime committed.
 

 
 *45
 
 He further remarks, that the idea of felony is so generally connected with that of capital punishment, that it is difficult to separate them, and that the interpretation of the law conforms to that usage; and therefore, if a statute makes any new offence felony, the law implies that it shall'be punished with death, that is, by hanging as well as by forfeiture, unless the offender prays the benefit of clergy. (4 Bl. Com. 97, Wend, ed.)
 

 This view accounts for the necessity of the averment of a felonious intent in all indictments for felony at common law; and, also, in many cases when made so by statute; because, if it is used, in the sense of the law, to denote the actual crime itself, the felonious intent becomes an essential ingredient to constitute it. The term signifying the crime committed, and not the degree of punishment, the felonious intent is of the essence of the offence; as much so as the intent to maim, or disfigure, in the case of mayhem, or to defraud, in the case of forgery, are essential ingredients in constituting these several offences.
 

 But, in cases where this felonious intent constitutes no part
 
 of
 
 the crime, that being complete, under the statute, without it, and depending upon another and different criminal intent, the rule can have no application in reason, however it may be upon authority.
 

 The statute upon which the indictment in question is founded describes the several acts which make up the offence; and then declares the person to be guilty of felony, punishable by fine and imprisonment. The transmission or presentation of any deed, or other writing, to any office or officer of the government, in support of, or in relation to, any account or claim, with the intent to defraud the United States, knowing the same to be false, are the only essential ingredients. The felonious intent is no part of the description; as the offence is complete without it. Felony is the conclusion of law from the acts done with the intent described; and makes part of the punishment ; as, in the eye of the common law, the prisoner thereby becomes infamous, and disfranchised. These consequences may not follow, legally speaking, in a government where the common law does not prevail; but the moral degradation attaches to the punishment actually inflicted.
 

 This question arose in a case before Park, J., on the Northern Circuit, in 1831, on the trial of an indictment for burning stacks of grain,'which is made felony by the 22 & 23 Car. II. The second count charges the prisoner with aiding and abetting; and an objection was taken, that the -indictment should have averred that he was feloniously present aiding
 
 *46
 
 and abetting. Park, J., was inclined to think the objection fatal; but allowed the trial to proceed, and the prisoner was acquitted on the facts. Canon and another’s Case, 1 Lewin’s Northern Circuit, 227.
 

 It again arose before Lord Lyndhurst, C. R, at the Durham Assizes, in 1834, on an indictment under the statute of mayhem, 9 Geo. IV., ch. 31, §> 2. An objection was taken after conviction, that the indictment did not allege that the prisoner upon the prosecution feloniously did make an assault, &c.; but it was held that, as the indictment described the offence in the words or terms of the statute, it was sufficiSIx. (Deacon on Cr. Law, Suppt. 1652, 1681, Rex
 
 v.
 
 Thomas Liddle.)
 

 This statute, after describing the acts constituting the of-fence, concludes, like the one before us, that every such person shall be guilty of felony, and, on conviction, shall suffer death. The decision, therefore, bears directly upon the question in hand; and, as the principle seems to have been given up in the country from whence it was derived, and, at best, is here but the merest technicality, it is difficult to perceive any ground for still giving effect to it. It would be otherwise, if the felonious, intent was descriptive of the offence, and not simply of the punishment.
 

 We shall, therefore, direct that it be certified to the court below, that the indictment is not fatally defective, for the reason the acts charged to have been committed by the defendant are not charged to have been committed feloniously, or with a felonious intent.
 

 2. With respect to the second question certified.
 

 The court are of opinion that the offence charged in the indictment comes within the statute.
 

 The only doubt that can be raised is, whether the writing transmitted or presented to the commissioner in support of the claim for a pension should not, within the meaning of the statute, be an instrument forged, or counterfeited, in the technical sense of the term; and not one genuine as to the execution, but false as’it respects the facts embodied in it.
 

 The instruments referred to in the first part of the section, the false making or forging of which, with the intent stated, is made an offence, probably are forged instruments in a strict technical sense; and there is force, therefore, in the argument, that the subsequent clause, making the transmission or presentation of deeds or other writings to an officer of the government a similar offence, had reference to the same description of instruments.
 

 
 *47
 
 But this is by no means a necessary conclusion upon the words of the statute. Indeed, upon this construction, it is not easy to see the materiality of the clause ; because the uttering and publishing of the forged instruments mentioned in the first clause, as true, is made an offence, the same as the forging ; and it is quite clear, that the acts provided against in the subsequent clause amount to an uttering and publishing. If restrained,-therefore, to forged instruments, the clause would seem to be unnecessary.
 

 The deeds and other writings mentioned are not connected with those in the preceding paragraph, as would have been natural, and almost of course, if intended to describe similar instruments. The language is “ any deed, power of attorney,” &c.; not, the aforesaid deed, which words must be in effect interpolated, upon the construction contended for.
 

 The clause, therefore, may well be regarded as providing for a distinct and independent offence, — one essential to the protection of the government against fraudulent claims; and which consists in the transmission or presentation of false or counterfeit papers to any officers of the government in support of an account or claim, with intent to defraud.
 

 The case is within the mischief intended to be guarded against; and, also, within the words; and we think the considerations raged, founded upon the form and structure of the general provision, though plausible, and calculated to excite doubts, not sufficient to take it out of them.
 

 A genuine instrument containing a false statement of facts, used in support of a claim, the party knowing it to be' false, and using it with the intent to defraud, presents a case not distinguishable in principle, or in turpitude, or in its mischievous effects, from one in which every part of the instrument is fabricated; and when the one is as fully within the words of the statute as the other, we may well suppose that it was intended to embrace it.
 

 We shall direct, therefore, that it be certified to the court below, that the acts charged in the said indictment to have been committed by the defendant do constitute an offence within the provisions of the act above referred to.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Northern District of New York, and on the points and questions on which the judges of the said Circuit Court were opposed in opinion, and which were certified to this court for its
 
 *48
 
 opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court,—
 

 1st. That the indictment is not fatally defective for the reason the acts charged to have been committed by the defendant are not charged to have been committed feloniously, or with a felonious intent; and,
 

 2d. That the acts charged in the said indictment to have been committed by the defendant do constitute an. offence within the provisions of the first section of the act of Congress, approved March 3d, 1823, entitled
 
 “
 
 An act for the punishment of frauds committed on the government of the United States.” Whereupon it is now here ordered and adjudged by - this court, that it be so certified to the said Circuit Court.