# BANNON AND MULKEY *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
DISTRICT OF OREGON.

No. 807.　Argued January 23, 1895. — Decided March 4, 1895.

A conspiracy to commit an offence against the United States is not a felony
at common law; and if made a felony by statute, an indictment for so
conspiring is not defective by reason of failing to aver that it was feloni-
ously entered into.

In an indictment for a conspiracy under Rev. Stat. § 5440, the fact of con-
spiring must be charged against all the conspirators, but the doing of
overt acts in furtherance of the conspiracy may be charged only against
those who committed them.

It is unnecessary to consider in detail errors which do not appear in the bill
of exceptions, or which do not appear to have been excepted to on the
trial, or which seem to have been quite immaterial, so far as excepted to.

THIS was a writ of error to review a conviction of the
plaintiffs in error, who were jointly indicted with twenty-five
others, for a conspiracy "to commit an offence against the
United States," in aiding and abetting the landing in the
United States of Chinese laborers in violation of the exclu-
sion act, by furnishing such laborers false, fraudulent, and
pretended evidences of identification, and by counselling, ad-
vising, and directing said laborers, and furnishing them infor-
mation and advice touching the questions liable to be asked
them upon their application for permission to land, and by
various other means to the grand jury unknown. The times,
places, manner, and means of such conspiracy are set forth in
the indictment.

Most of the defendants were arrested on the day the indict-
ment was filed, and demurred to the same for failing to set
forth facts sufficient to constitute an offence against the laws
of the United States. The demurrer being overruled, the trial
proceeded against twenty of the defendants, and was con-
cluded by a verdict finding the plaintiffs in error, together
with one Dunbar, guilty as charged in the indictment. The
others were acquitted, except two, as to whom the jury were

unable to agree. The usual motions for a new trial having been made and overruled, plaintiff in error Mulkey was sentenced to pay a fine of $5000, and to be imprisoned for one year, and Bannon was also sentenced to imprisonment for six months. Whereupon they sued out this writ of error.

*Mr. A. B. Browne* (with whom was *Mr. A. T. Britton* on the brief) for plaintiff in error Mulkey.

*Mr. B. F. Dowell* for plaintiff in error Bannon.

*Mr. Assistant Attorney General Conrad* for defendants in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

This case is before us upon certain assignments of error, the principal ones of which relate to the sufficiency of the indictment.

1. The indictment is claimed to be fatally defective, in that it fails to allege that the defendants *feloniously* conspired to commit the offence in question. The language of the indictment in this particular is as follows: That the defendant did, "with divers other evil-disposed persons, to the grand jury unknown, unlawfully, wilfully, knowingly, and maliciously conspire, combine, and confederate together and with each other to wilfully, knowingly, unlawfully, and maliciously commit an offence against the United States, to wit: the offence and misdemeanor of knowingly and unlawfully aiding and abetting the landing in the United States, and in the State of Oregon, and in the District of Oregon, and within the jurisdiction of this court, from a vessel, to wit: the steamship Wilmington and the steamship Haytian Republic, both steamships plying between the port of Portland, Oregon, and Vancouver, in the Province of British Columbia, Dominion of Canada, Chinese persons, to wit, Chinese laborers not lawfully entitled to enter the United States, by furnishing such Chinese laborers false, fraudulent, and pre-

tended evidences of identification, and by counselling, advising, and directing said Chinese laborers and furnishing them information and advice touching the questions liable to be asked them upon their application for permission to land from said vessels, and by various other means to the grand jury unknown." Following this is a specification of certain acts done by several of the conspirators, including Bannon, but not including Mulkey.

The statute alleged to have been violated is Rev. Stat. sec. 5440, as amended by the act of May 17, 1879, c. 8, 21 Stat. 4: "If two or more persons conspire either to commit any offence against the United States or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars, or to imprisonment for not more than two years, or to both fine and imprisonment in the discretion of the court." Defendants' argument in this connection is that, inasmuch as this court held in *Mackin* v. *United States*, 117 U. S. 348, that a crime punishable by imprisonment in the state prison or penitentiary, with or without hard labor, is an infamous crime as known to the Federal Constitution, it necessarily follows that such an offence is a felony, and hence, that the indictment is defective, in failing to aver that the conspiracy was *feloniously* entered into.

That a conspiracy "to commit *any* offence against the United States" is not a felony at common law, is too clear for argument; and even if it were made a felony by statute, the indictment would not necessarily be defective for failing to aver that the act was feloniously done. This was the distinct ruling of this court in *United States* v. *Staats*, 8 How. 41, wherein, under an act of Congress declaring that if any person should transmit to any officer of the government, any writing in support of any claim, with intent to defraud the United States, knowing the same to be forged, such person should be adjudged guilty of felony, it was held to be sufficient that the indictment charged the act to have been

done " with intent to defraud the United States," without also charging that it was done feloniously, or with a felonious intent. In the opinion it was admitted that, in cases of felonies at common law, and some also by statute, the. felonious intent was deemed an essential ingredient, and the indictment would be defective, even after verdict, unless such intent was averred; but it was held that, under the statute in question, the felonious intent was no part of the description, as the offence was complete without it, and that the felony was only a conclusion of law, from the acts done with the intent described, and hence was not necessary to be charged in the indictment. Where the offence is created by statute, and the statute does not use the word "feloniously," there is a difference of opinion among state courts whether the word must be put into the indictment. 1 Bish. Crim. Proc. § 535. But under the decision in the *Staats case*, we are clearly of the opinion that it need not be done.

Neither does it necessarily follow that because the punishment affixed to an offence is infamous, the offence itself is thereby raised to the grade of felony. The word " felony " was used at common law to denote offences which occasioned a forfeiture of the lands or goods of the offender, to which capital or other punishment might be superadded according to the degree of guilt. 4 Bl. Com. 94, 95; 1 Russell on Crimes, 42. Certainly there is no intimation to the contrary in *Mackin's case*, which was put wholly upon the ground that, at the present day, imprisonment in a state prison or penitentiary, with or without hard labor, is considered an infamous punishment. If such imprisonment were made the sole test of felonies, it would necessarily follow that a great many offences of minor importance, such as selling distilled liquors without payment of the special tax, and other analogous offences under the internal and customs revenue laws, would be treated as felonies, and the persons guilty of such offences stigmatized as felons. The cases of *Wilson* (114 U. S. 417) and *Mackin* (117 U. S. 348) prescribed no new definition for the word "felony," but secured persons accused of offences punishable by imprisonment in the penitentiary, against prosecution by information,

and without a preliminary investigation of their cases by a grand jury. By statute in some of the States, the word "felony" is defined to mean offences for which the offender, on conviction, may be punished by death or imprisonment in the state prison or penitentiary; but in the absence of such statute the word is used to designate such serious offences as were formerly punishable by death, or by forfeiture of the lands or goods of the offender. *Ex parte Wilson*, 114 U. S. 417, 423.

2. The indictment is also claimed to be defective as to Mulkey, in failing to aver that he committed any act which connected him with the alleged conspiracy. The indictment, after alleging the conspiracy, sets forth various acts performed by several of the defendants in furtherance thereof, such as executing false certificates of identification, procuring signatures of witnesses thereto, and delivering the same with intent that they be taken to China and used there; but there is no averment of any act done by Mulkey, either connected with or in pursuance of the general design. The objection is clearly untenable. By the express terms of section 5440, "If two or more persons conspire . . . and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable." Nothing can be plainer than this language.

At common law it was neither necessary to aver nor prove an overt act in furtherance of the conspiracy, and indictments therefor were of such general description that it was customary to require the prosecutor to furnish the defendant with a particular of his charges. *Rex* v. *Gill*, 2 B. & Ald. 204; *Rex* v. *Hamilton*, 7 Carr. & P. 448; *United States* v. *Walsh*, 5 Dillon, 58. But this general form of indictment has not met with the approval of the courts in this country, and in most of the States an overt act must be alleged. The statute in question changes the common law only in requiring an overt act to be alleged and proved. The gist of the offence is still the unlawful combination, which must be proven against all the members of the conspiracy, each one of whom is then held responsible for the acts of all. *American Fur Co.* v. *United States*, 2 Pet.

358; *Nudd* v. *Burrows*, 91 U. S. 426, 438.   It was said by Mr. Justice Woods in *United States* v. *Britton*, 108 U. S. 199, 204, that " the provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a *locus pœnitentiæ*, so that before the act done either one or all the parties may abandon their design, and thus avoid the penalty prescribed by the statute."   If such were not the law, indictments for conspiracy would stand upon a different footing from any others, as it is a general principle that a party cannot be punished for an evil design, unless he has taken some steps toward carrying it out.   It has always been, however, and is still the law, that, after *prima facie* evidence of an unlawful combination has been introduced, the act of any one of the coconspirators in furtherance of such combination may be properly given in evidence against all.   To require an overt act to be proven against every member of the conspiracy, or a distinct act connecting him with the combination to be alleged, would not only be an innovation upon established principles, but would render most prosecutions for the offence nugatory.   It is never necessary to set forth matters of evidence in an indictment.   *Evans* v. *United States*, 153 U. S. 584, 594.

Our attention is called, in the brief of Bannon's counsel, to certain alleged errors in the admission of testimony, as well as in the charge of the court; but as these errors either do not appear in the bill of exceptions at all, or do not appear to have been excepted to upon the trial, or seem to have been quite immaterial, so far as they were excepted to, it is unnecessary to consider them in detail.

The judgment of the court below is, therefore,

*Affirmed.*