## UNITED STATES v. AMES MER. CO.

(Second Division. Nome. March 7, 1903.)

Nos. 161, 165, Criminal.

1. CORPORATIONS—INDICTMENT.

A corporation may be indicated under the United States statutes for carrying on business as a wholesale or retail liquor dealer without paying the license required by section 3244, Rev. St. U. S. 1878 [U. S. Comp. St. 1901, p. 2096].

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2138.]

John L. McGinn, Asst. Dist. Atty., for plaintiff.

Ira D. Orton, for defendant.

MOORE, District Judge. The defendant corporation was on the 1st day of April, 1902, indicted by the grand jury of this division and district for the commission of two crimes, viz.: (1) Of unlawfully carrying on in the Second Division of the District of Alaska the business of a wholesale liquor dealer without having paid to the United States government the special tax, as required by law; and (2) of unlawfully carrying on the business of a retail liquor dealer without having paid to the United States government the special tax, as required by law.

The section of the Revised Statutes of the United States of which the indictments charge violations is section 3244, p. 623, of the Revised Statutes of the United States of 1878 [U. S. Comp. St. 1901, p. 2096]. Its language, defining the foregoing offenses and their penalties, reads as follows:

"Every person who carries on the business of a wholesale liquor dealer, retail liquor dealer, (or manufacturer of stills), without having paid the special tax as required by law, shall, for every such offense, be fined not less than one thousand dollars, and be imprisoned not less than six months nor more than two years."

The amount of the special tax imposed on wholesale dealers in liquors is $100, and on retail dealers therein is $25.

The ground of the demurrers upon which the defendant relies is paragraph No. 4 thereof, in words following: "That the facts stated do not constitute a crime;" in other words, that the facts stated do not constitute a crime for which a corporation is indictable. In support of its contention the defendant maintains that the offenses charged are felonies, and that, being a corporation, the defendant is not liable to indictment therefor.

The court was upon the argument of the demurrers cited to section 5541 of the Revised Statutes [U. S. Comp. St. 1901, p. 3721], wherein it is enacted, in substance, that any person convicted of any offense to which a sentence of imprisonment for more than one year attaches, the court having jurisdiction of the crime may order the defendant to be imprisoned in any state jail or penitentiary within the district or state where such court is held; and it was maintained that the offenses charged in the indictments, being penitentiary offenses, are felonies, within the definition of a felony in the Penal Code for Alaska (section 184). A felony is therein defined to be "a crime punishable with death, or by imprisonment in the penitentiary."

The offenses charged in the indictments under consideration are not among the crimes enumerated in the Alaska Penal Code. They are offenses punishable as crimes under a general statute of the United States, and are made punishable wheresoever committed, whether in any of the states or in any of the territories of the nation. They are crimes within the jurisdiction of all the United States District Courts. The classification of crimes in the Alaskan Code, on the contrary, only relates to crimes made such by said Code, and committed within the district of Alaska.

There is no statutory definition of "felonies" in the General Statutes of the United States. Reagan v. U. S., 157 U. S. 302,

15 Sup. Ct. 610, 39 L. Ed. 709. At common law the word "felony" was used to denote offenses which occasioned a forfeiture of the lands or goods of the offender, to which capital or other punishment might be superadded in certain cases, according to the degree of guilt. 4 Bl. Com. 94; 1 Russell on Crimes, 42; Ex parte Wilson, 114 U. S. 417, 423, 5 Sup. Ct. 935, 29 L. Ed. 89; Bannon and Mulkey v. U. S., 156 U. S. 468, 15 Sup. Ct. 467, 39 L. Ed. 494.

The decision in the case of Mackin v. United States, 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909, cited by counsel for the defendant in support of his contention that the crimes charged in the indictments are felonies, "prescribed no new definition for the word 'felony,' but simply secured persons accused of offenses punishable by imprisonment in the penitentiary against prosecution by information, and without a preliminary investigation of their cases by a grand jury." It decided that infamous crimes must be inquired into by a grand jury. It did not decide that all infamous crimes are felonies under either the statutory or common law of the United States. The ignominy of the punishment annexed to a crime is not the criterion by which felonies and misdemeanors are distinguished by the courts of the United States in administering the general laws of the United States.

It is no longer disputed that corporations are indictable for offenses not involving malice and willfulness or guilty intent. The question of malice or corrupt intent is not properly of the essence of these offenses. They are made criminal when the violator has not done that which it was his duty to do; in other words, the criminality of the offense depends upon a nonfeasance.

McClain in his work on Criminal Law (volume 1, § 184) sums up the doctrine of the law upon the nature and kind of offenses for which corporations are indictable in these words:

"The numerous cases in which corporations have been held criminally liable show that such liability arises from not doing that which

it is made the duty of the corporation to do, or from doing it in such manner as to constitute a violation of the law."

These considerations lead us to the conclusion that the indictments charge offenses for which the defendant may be properly indicted. Both demurrers overruled.