### BARKER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1923.)

No. 2021.

**1. Intoxicating liquors ⬤═236(5)—Presumption from possession held sufficient to establish nuisance.**

Where defendant did not deny unlawful possession of whisky, or attempt to show it was for personal use only, the presumption created by National Prohibition Act, tit. 2, § 33, is sufficient to sustain a finding that the liquor was kept for the purpose of being sold, bartered, or exchanged in violation of the act, and such presumption is sufficient to show guilt of maintaining a nuisance under section 21 of title 2 of the act.

**2. Intoxicating liquors ⬤═236(9)—Single sale or act of possession may, under the circumstances, show nuisance.**

Though a single sale of liquor, or the mere unlawful possession, does not under all circumstances violate National Prohibition Act, tit. 2, § 21, making it punishable to maintain a nuisance by keeping a place for the violation of the act, the circumstances surrounding the sale or the single act of possession may be such as to warrant the inference that the single act was part of a habit, and therefore sufficient to sustain a conviction for nuisance.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Walter Barker was convicted of violating the National Prohibition Law, and he brings error. Affirmed.

J. Sherman Lilly, of Charleston, W. Va., for plaintiff in error.
Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va.

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

GRONER, District Judge. Plaintiff in error was defendant below, and will be hereinafter referred to as defendant. In April, 1922, he was sentenced to pay a fine of $300 and be confined in jail for eight

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

months upon conviction of violation of the National Prohibition Law (41 Stat. 305). The information upon which he was tried contained the usual counts of, first, transportation and possession; second, manufacture; third, possession of property designed for manufacture; and, fourth, an additional count charging the maintenance of a nuisance under section 21 of title 2 of the act.

The undisputed evidence shows that at the time of his arrest defendant was in possession of about two gallons of corn whisky—a part of which was found in his residence and a part under the counter in his store close by—and that in his barn on the same premises were about 100 gallons of mash fit for distillation into whisky. Defendant offered no evidence in his own behalf, and the jury found him guilty under the first, third, and fourth counts. At the conclusion of the evidence the court was asked: (a) To instruct a verdict for the defendant as to all of the counts save that of possession; and (b) that possession of whisky does not constitute a nuisance under section 21 of the act. Each of these instructions the court refused to give, and this action of the court constitutes the only assignments of error which, in our opinion, it is necessary to notice.

[1] From what has been said it will be observed that there was no denial on the part of the defendant of the unlawful possession of whisky, and likewise no attempt on his part to show that such possession was for personal use only, as was the case in Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548. Under these circumstances the presumption created by section 33 of title 2 of the act applies, and the unlawful possession is itself, when neither explained nor denied, sufficient to sustain a finding that such liquor is kept for the purpose of being sold, bartered or exchanged, in violation of the act. The case, therefore, as made, inevitably leads to the conclusion that the defendant was then in unlawful possession of liquor kept in his store room for barter and sale, and this brings us to the only point in the case, viz. whether, such evidence, without more, is sufficient to bring the offense within the terms of the nuisance section, and as to this we think there can be no reasonable doubt.

[2] We do not mean to be understood as deciding that a single sale of liquor, or the mere unlawful possession of liquor, under all circumstances may be construed to be a violation of section 21, because so to decide would be to render meaningless the other provisions of the law in which the Congress has denounced these specific acts, and provided punishment for their violation. Nor is it correct, on the other hand, to say that under some circumstances a single sale or a single unlawful possession may not in itself be sufficient to bring the section referred to into operation, for, as was said in another case construing this same provision of the act:

"There could be, however, an almost irrefutable conclusion drawn from a single sale, provided the facts surrounding such sale warranted the inference that it was one of the ordinary and usual incidents of the business there conducted." Lewinsohn v. U. S. (C. C. A. Seventh Circuit) 278 Fed. 421.

Each such case must therefore depend upon its own facts. If the evidence be confined to a single sale, with no evidence of other viola-

tions or habitual sales, and likewise no evidence from which such acts may reasonably be deduced, the penalties provided in the act for unlawful sale should alone apply; but, equally, evidence of a single sale in a place, from which the circumstances tend to show habitual violation, is enough to bring the prosecution within the terms of the nuisance section and to make applicable the severer penalties which its terms provide.

Since all of this is true here, the judgment of the lower court should be, and is, affirmed.