## GUNNOE v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
July 15, 1929.

No. 2877.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

Edmund Marshall, Asst. U. S. Atty., of Huntington, W. Va. (James Damron, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before NORTHCOTT, Circuit Judge, and SOPER and HAYES, District Judges.

HAYES, District Judge. Appellant, defendant below, and so styled here, was convicted of feloniously possessing intoxicating liquor as a third offense. The record shows that he was convicted on November 23, 1925, for unlawful possession of intoxicating liquor and was fined $50. And again, on April 19, 1928, he was convicted of possessing intoxicating liquor as a second offense, and was fined $200. On his conviction in the instant case, the court imposed a fine of $500 and sentenced the defendant to the federal penitentiary at Atlanta, Ga., for a term of two years. The defendant appeals from this judgment, and assigns as error the refusal of the court to direct a verdict for the defendant and its refusal to give certain instructions, requested in apt time and manner.

There was evidence to show that Mr. Rardon, a state officer of West Virginia, searched the home of the defendant on the seventh day of February, 1929. He found Gunnoe in the bathroom fixing an inner tube for an automo-

bile tire. In the medicine cabinet in the bathroom the officer found a pint bottle containing about two-thirds of one pint of liquor. The medicine cabinet was closed and was hanging on the side of the wall, and was so situated that the liquor was not visible to the officer when he went into the bathroom without opening the medicine cabinet. The officer states that he never saw Gunnoe have the liquor in his hand or anything like that, and that he was not drunk. There was no evidence of the odor of whisky in the room. In the garret of the house the officer found nine one-gallon jugs, some of which had the odor of liquor in them. He further testified that the jugs did not look like they had been up there for more than three or four days; that there was no dust on them that he could see nor were there any cobwebs. He also said that none of them had any remnants of buttermilk or cider in them. H. E. Pomeroy, another state officer, testified substantially to the same state of facts.

The defendant thereupon offered in evidence in his behalf Mrs. Sylvia Gunnoe, who testified that she was the third wife of the defendant, and had been divorced from him in 1927. She said that, after the defendant and his fourth wife separated, she had been staying with the defendant in his home ever since June, 1928, that she had two children by him before they separated, and that the children were staying there with them. She testified that she bought a pint of liquor from a man named Henson for herself and her children for the influenza; that there was a full pint when she bought it, and that she had fixed up a couple of doses for herself and the children and was giving it to the children for the influenza; that there was about two-thirds of a pint left when the search occurred. She said that Gunnoe did not know the whisky was there, as he was away when she got it, and that she put it in the medicine chest on the morning of the search, the officers coming in the evening between 7 and 8 o'clock. She said that she put the nine gallon jugs in the attic, and that she got cider in them from the Institute and bought buttermilk from a man living on the road in part of them. She said she put the jugs in the attic, as she did not want them and had no use for them. She testified that the jugs were dirty, and that some of them had been up there for over a year. She said she had no knowledge of Willard Gunnoe having any whisky in his possession during the time she had been there, and had not heard of him drinking any liquor. He had been divorced

from his fourth wife before the witness went back to stay in his house.

Elizabeth Cloud testified that she was at the Gunnoe house the following day, saw the jugs, and said that they did not have any whisky in them when she saw them. She said they were dusty, and that cobwebs were on them. She smelled of one or two of them, and said they did not have the odor of liquor about them.

Defendant testified in his own behalf that he was at his place on February 7, 1929, when the officers came, and that he had just completed repairing an inner tube for his automobile. He said he did not know there was any whisky in the place. He knew there were jugs in the attic which had been there for a year, or perhaps two years, but he claimed he did not know how many were there and that they did not have the odor of moonshine liquor about them. He further testified that he did not know there was any liquor in his house until Mr. Rardon presented the pint bottle at the commissioner's desk.

█ It is strongly urged for the defendant that a consideration of the entire evidence shows its insufficiency to carry the case to the jury. After a careful review of the authorities cited in support of this contention, we are of the opinion that the evidence presented a question for the determination of the jury. There was evidence, if believed by the jury, to show that two-thirds of a pint of liquor was in the defendant's house and that nine one-gallon empty jugs, having the appearance of recent use and containing the odor of liquor, were found there. These circumstances, unexplained, are sufficient to support a verdict. But it is urged by the defendant that the evidence of the defendant conclusively shows that the defendant had no knowledge of the presence of the liquor in his house. The only witness testifying to this fact besides the defendant was his divorced wife who had been living in the home with him from June, 1928, until February, helping to raise the two children born to her by him prior to their divorce. The jury was not compelled to accept their statements of the matter, and we do not feel warranted in holding, as a matter of law, that it was sufficient to take the case from the jury. Ward v. U. S. (C. C. A.) 4 F.(2d) 772. In the case of Waddell v. U. S. (C. C. A.) 283 F. 409, the officer found some whisky in the room of the defendant. He testified that he had formerly lived in the room, but had abandoned it, while the officer testified that he lived there and that the defendant had admitted to him that it

14

was his room. The court held that the evidence was sufficient to send the case to the jury on the question of the possession of the whisky found in this room. In Parks v. United States, 297 F. 834 (this circuit), the finding of ten quarts of whisky in a cement trap was held a jury question, although the wife claimed it and said that her husband knew nothing about it.

 The defendant requested the court to instruct the jury that the burden of proving each and every material allegation in the indictment rests upon the government, and that the government must prove each and every allegation of the indictment beyond a reasonable doubt; and that a reasonable doubt is that state of mind which, after a full comparison of the case and a consideration of all the evidence offered, both of the government and of the defendant, leaves the mind of the jury in that condition that they cannot say that they feel an abiding faith, amounting to a moral certainty, from the evidence in the case, that the defendant is guilty of the charge. The court refused to give the instruction and charged the jury, among other things, as follows:

"Now, this defendant comes in here, as I say, with that presumption of innocence; and that presumption of innocence stays with him during the entire trial, and it is the duty of the Government to prove him guilty beyond a reasonable doubt, by the production of testimony. When there is testimony introduced on his behalf then you take into consideration all the testimony in the case to reach your conclusion based upon all that testimony.

"A reasonable doubt, if there is any such thing in your mind, is something for which you can give a reason; something sufficiently substantial to call a reason; not a mere shadow or not a mere cloud. * * * "

The court, after having stated to the jury that: "This is an indictment found by the Grand Jury charging Willard F. Gunnoe with the third possession of liquor, which is a crime under the Volstead Act. He has been twice convicted in this court for the possession of liquor, which fact was proven to you and admitted by him. That starts out by proving those two parts of the indictment. Then the third part of the indictment is that he was in possession of the liquor. The question of fact is, was he or was he not? That is a question for you to decide"—then charged as follows:

"She (Mrs. Sylvia Gunnoe) said she bought it from somebody and let Gunnoe know nothing about it. These children were her children and his children. If you believe that whisky was in that house without his knowledge, buying the whisky and giving it to the children without his knowledge, that is up to you. That is a question for you. If she committed a double crime of buying the whisky from some bootlegger and giving it to the children who could not help themselves, that is up to you, if you want to believe that story.

"That brings the question right down—if you believe Gunnoe had this whisky there, or knew this whisky was there, beyond a reasonable doubt, then he is guilty as charged in this indictment. It is a mere question of the possession of the whisky. The whisky was in his house, owned by him and controlled by him and was naturally in his possession unless the contrary is shown. That burden was taken up by them and that burden is on them to show to the contrary."

Defendant excepted to the refusal to grant the request stated herein. The court not only failed to give the substance of the request, but it shifted the burden of proof over to the defendant by requiring the defendant to show that the liquor found by the officers in his house was not in his possession.

The National Prohibition Act, U. S. Code, tit. 27 (27 USCA) § 50, provides:

"The possession of liquors by any person not legally permitted under this chapter to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this chapter. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

This section does not create any presumption that a defendant is in possession of liquor. It makes possession, when proved, prima facie evidence of its unlawfulness. And the burden of proof in such case is placed upon the possessor in any action concerning same to prove that such liquor is lawfully acquired, possessed, and used. See Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548. It was within the province of Congress to place

on the defendant the burden of showing that his possession of liquor was lawful. Yee Hem v. U. S., 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904. The possession by the defendant in this case is in dispute. He denied any knowledge of the existence of the liquor in his house. Another witness testified that she placed it there without his knowledge or acquiescence. The fact of possession is an essential allegation which the prosecution must prove beyond a reasonable doubt. Does the mere presence of two-thirds of a pint of liquor in a medicine cabinet in the house of the defendant under such circumstances constitute evidence upon which the jury must convict unless the defendant assumes the burden and carries it successfully to show that he was not the possessor of the liquor, and that it was there without his knowledge? While such a state of facts is sufficient to carry the case to the jury and will support a verdict of guilty if they see fit to return one, we do not think that the jury is compelled to do so unless, upon a consideration of all the evidence, it is satisfied beyond a reasonable doubt that the defendant possessed the liquor and that the possession was unlawful.

Proof of finding in defendant's residence an article of personal property creates a presumption—varying in its strength according to all the surrounding facts and circumstances —that the owner of the residence is also the owner and in possession of the personal property therein. Manifestly it is merely a presumption of fact. The presumption may cease to exist when it appears that others are as likely to be in possession, as, for instance, when two or more persons occupy the same building in which each keeps his separate personal property. The presumption would be stronger if the presence of the property is bound to be known to the occupant; to illustrate, the owner would know of the presence of the range in the kitchen, the table in the dining room, the piano in the parlor. Yet many minor articles owned and possessed by other members of the family may be in the house without his seeing them or knowing of their presence. The presence in one's residence of liquors in such quantity and under circumstances that the occupant is compelled to know it would create a strong presumption that he was in the possession of it, while a small quantity under such circumstances that the occupant would not likely know about it would create only a slight presumption of his ownership and possession. But in any event the probative value of the presumption is for the jury's determination. If, after considering the presumption of innocence, the proven facts still warrant the inference that the occupant is in possession of the liquor found in his residence and if the jury is satisfied beyond a reasonable doubt that he is in possession thereof, then, and not before, the burden of proof would be on the accused to prove that such liquor was lawfully acquired, possessed, and used.

We hold that prejudicial error was committed in the refusal to grant the instruction stated herein and in charging the jury that the burden of proof shifted to the defendant.

The judgment below is accordingly reversed, and a new trial ordered, to be held in accordance with the views herein expressed.

Reversed.