# WELCH v. HUDSPETH.

## No. 2593.

Circuit Court of Appeals, Tenth Circuit.

Dec. 22, 1942.

Hobart F. Atkins, of Knoxville, Tenn., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Liberal, Kan. (George H. West, U. S. Atty., of Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

Two indictments were returned against Harrison Welch[1] in the District Court of the United States for the Northern Division of the Eastern District of Tennessee, numbered 11354 and 11488, respectively. The first count of the indictment in No. 11354 charged that petitioner did knowingly, willfully, and unlawfully sell intoxicating liquor, the sale of which was not authorized by the laws of the United States. The second count in No. 11354 charged that petitioner did knowingly, willfully, and unlawfully possess intoxicating liquor, the possession of which was not authorized by the laws of the United States. In substantially the same language, counts one and two of the indictment in No. 11488 charged like offenses. On January 3, 1931, petitioner was serving a sentence in the State Penitentiary of Tennessee. He was brought before the United States District Court by a writ of habeas corpus ad prosequendum. He appeared in person and by counsel and entered pleas of guilty to the several counts of the two indictments. On January 12, 1931, he was sentenced to imprisonment in the United States Penitentiary at Atlanta, Georgia, for a term of five years on the indictment in No. 11354 and for a term of five years on the indictment in No. 11488, the sentences to run concurrently from the expiration of the sentence he was then serving in the State Penitentiary. A commitment was issued on January 12, 1931. It was delivered to the United States Marshal on January 3, 1942. Pursuant to the commitment, the marshal took petitioner into custody on January 4, 1942, and delivered him to the United States

Penitentiary at Leavenworth, Kansas, on January 6, 1942.

Petitioner challenges the sufficiency of the several counts of the indictments on the ground that they failed to charge that the intoxicating liquor contained one-half of one per cent or more of alcohol by volume and was fit for beverage purposes or was sold for beverage purposes; and the sufficiency of count one of each indictment on the ground that they failed to allege that the liquor was sold feloniously.

It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Hence, on habeas corpus, the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus. The elements of the offenses sought to be charged, the construction to be put on the indictments, and their sufficiency were all matters for the determination of the trial court. Had it erred in determining them, its judgment would not have been void for that reason. Here, the offenses which the several counts of the indictments attempted to charge were neither colorless nor impossible ones under the laws. Clearly, each undertook to charge an offense under § 3 of Title II of the National Prohibition Act, 41 Stat. 305, 308, 27 U.S.C.A. § 12. The trial court had jurisdiction over such offenses and over the person of petitioner. It follows that the alleged defects in the indictments would not deprive the court of jurisdiction or render them subject to challenge on habeas corpus.[2]

Moreover, it was unnecessary to charge that the intoxicating liquor was fit for beverage purposes or that it was sold for beverage purposes. It was not necessary to negative the exceptions in § 3, supra, of the National Prohibition Act. Section 32 of the National Prohibition Act, 27 U.S.C.A. § 49, provided that it should not be necessary in any affidavit, informa-

---

[1] Hereinafter called petitioner.

[2] Knight v. Hudspeth, 10 Cir., 112 F.2d 137, 139, and cases there cited.

tion, or indictment to give the name of the purchaser or to include any defensive negative averments, and that it should be sufficient to state that the acts complained of were then and there prohibited and unlawful,[3] and § 33 of the National Prohibition Act, 27 U.S.C.A. § 50, made possession of liquor prima facie evidence that it was kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the National Prohibition Act.[4]

■ The offenses defined in § 3 of Title II of the National Prohibition Act, not being felonies at common law, and a felonious intent not being an element of such offenses, it was not necessary to aver that the criminal acts were feloniously done.[5]

■ The judgments were entered on January 12, 1931. The Prohibition Amendment was repealed on December 5, 1933. The judgments were final at the time of the repeal. The repeal of a criminal statute after final judgment does not arrest or interfere with execution of the sentence.[6] It follows that the sentences were not void and could be lawfully executed.

■ The sentence imposed was within the limits prescribed by the Act of March 2, 1929, 45 Stat. 1446. The fixing of penalty for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual.[7] Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual.[8]

We conclude, therefore, that the writ was properly denied and the judgment is affirmed.

---

[3] See Keith v. United States, 6 Cir., 11 F.2d 933, 935; Keen v. United States, 8 Cir., 11 F.2d 260, 263; McCarren v. United States, 7 Cir., 8 F.2d 113, 114; Myers v. United States, 8 Cir., 15 F.2d 977, 979; Massey v. United States, 8 Cir., 281 F. 293, 295; Jones v. United States, 8 Cir., 18 F.2d 573, 574.

[4] Gunnoe v. United States, 4 Cir., 34 F. 2d 12, 14, 15; Feinberg v. United States, 8 Cir., 2 F.2d 955, 958; Barker v. United States, 4 Cir., 289 F. 249, 250; Thompson v. United States, 5 Cir., 44 F. 2d 165, 166; Herter v. United States, 9 Cir., 33 F.2d 402, 406.

[5] United States v. Staats, 8 How. 41, 49 U.S. 41, 44–46, 12 L.Ed. 979; Bannon and Mulkey v. United States, 156 U. S. 464, 466, 467, 15 S.Ct. 467, 39 L.Ed. 494.

[6] Hosier v. Aderhold, 5 Cir., 71 F.2d 422; United States ex rel. Cheramie v. Dutton, 5 Cir., 74 F.2d 740, certiorari denied United States ex rel. Cheramie v. Freudenstein, 295 U.S. 733, 55 S.Ct. 644, 79 L.Ed. 1681; Odekirk v. Ryan, 6 Cir., 85 F.2d 313, 314; United States ex rel. Voorhees v. Hill, 3 Cir., 72 F.2d 826.

[7] Moore v. Aderhold, 10 Cir., 108 F. 2d 729, 732; Bailey v. United States, 10 Cir., 74 F.2d 451, 452, 453; Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 670.

[8] Moore v. Aderhold, 10 Cir., 108 F. 2d 729, 732, and cases there cited.