**SCHULTZ v. UNITED STATES.**

No. 11171.

Circuit Court of Appeals, Ninth Circuit.

May 24, 1946.

Maurice Norcop, of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., James M. Carter and Mildred L. Kluckhohn, Asst. U.S. Attys., and William Strong, Sp. Asst. to U. S. Atty., both of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted in two counts. Count 1 was dismissed. Appellant was tried, convicted and sentenced on count 2 and has appealed. The question presented is whether count 2 charged an offense.

Count 2 was based on § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311, which provides that "any person * * * who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act, * * *, shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment."

Section 641.3 of the Selective Service Regulations[1] made pursuant to the Act provides that "It shall be the duty of each registrant[2] to keep his local board[3] advised at all times of the address where mail will reach him."

Count 2 charged "That [appellant], hereinafter called the defendant, is a male person within the class made subject to selective service under the Selective Train-

---

[1] 32 C.F.R., Cum.Supp. § 641.3.

[2] See § 2 of the Act, 50 U.S.C.A. Appendix, § 302.

[3] See § 10(a) (2) of the Act, 50 U.S. C.A.Appendix, § 310(a) (2).

ing and Service Act of 1940; that defendant registered on October 16, 1940, as required by said Act and the rules and regulations promulgated thereunder, and thereupon became a registrant of Local Board No. 129, said board being then and there duly created and acting under the Selective Service System established by said Act, in the County of Kings, State of California, within the [Northern Division of the Southern District of California]; that from on or about September 16, 1943, and at all times thereafter, at Hanford, Kings County, California, within the division and district aforesaid, the said defendant did knowingly fail and neglect to perform a duty required of him under said Act and the rules and regulations promulgated thereunder, in that he did then and there knowingly fail and neglect to keep said Local Board No. 129 advised of the address where mail would reach him; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

Thus, in effect, count 2 charged that appellant, a registrant, knowingly failed and neglected to perform a duty required of him under § 641.3 of the Regulations, namely, the duty of keeping his local board advised of the address where mail would reach him. Such failure and neglect constituted an offense under § 11 of the Act, 50 U.S.C.A. Appendix, § 311.[4]

Appellant points out that count 2 did not charge that he "wilfully," "unlawfully" or "feloniously" failed or neglected to perform the duty mentioned therein. He therefore contends that no offense was charged. There is no merit in this contention. Count 2 charged, in the language of the statute,[5] that appellant "knowingly" failed and neglected to perform the duty mentioned. That was sufficient.[6]

Judgment affirmed.

[4] Stumpf v. Sanford, 5 Cir., 145 F.2d 270, and cases there cited.

[5] Section 11 of the Act, 50 U.S.C.A. Appendix, § 311.

[6] United States v. Staats, 8 How. 41, 12 L.Ed. 979; Bannon v. United States, 156 U.S. 464, 15 S.Ct. 467, 39 L.Ed. 494; Howenstine v. United States, 9 Cir., 263 F. 1; Bowen v. Johnston, 9 Cir., 97 F.2d 860; Wood v. United States, 4 Cir., 204 F. 55; Myres v. United States, 5 Cir., 256 F. 779; Welch v. Hudspeth, 10 Cir., 132 F.2d 434.