# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0433** (Wood County 13-F-55)

**Crystal Dawn Smith,**
**Defendant Below, Petitioner**

**FILED**

May 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Crystal Dawn Smith, by counsel Travis Sayre, appeals the April 3, 2014, sentencing order of the Circuit Court of Wood County following her conviction for conspiracy to commit concealment of a deceased human body. Respondent the State of West Virginia, by counsel Shannon Frederick Kiser, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, petitioner was arrested and charged with concealment of a deceased human body and conspiracy to commit the same related to the body of Brandy Adams. The report from the medical examiner lists the cause of death as accidental due to the ingestion of illegal bath salts and other drugs. Several men were involved in leaving Ms. Adams's body in a car wash bay where it was found within hours.[1] There is a dispute as to whether petitioner knew that the men were disposing of the body and what involvement petitioner had in the disposal of Ms. Adams's body.

Petitioner was tried before a jury beginning on August 27, 2013. She was found guilty of conspiracy to commit concealment of a deceased human body, a felony. By order dated October 30, 2013, she was sentenced to the custody of the West Virginia Division of Corrections for a term of imprisonment of one to five years, with a credit of 425 days. Based upon the presentence investigation report, the report of the probation officer, and petitioner's motion for probation or alternative sentencing, the circuit court denied petitioner's motion for probation but granted her motion for alternative sentencing. She was ordered to serve her sentence through the Wood

---

[1] Mr. Arthur Thornton testified that he pled guilty to conspiracy to commit concealment of a deceased human body, specifically that of Ms. Adams's body. However, the record is unclear as to whether the others were charged with crimes related to this incident.

1

County Home Confinement Program under the conditions set forth in that order. Petitioner was also ordered to pay certain sums to the clerk of the court. Because petitioner indicated that she wished to appeal, the circuit court appointed appellate counsel, Travis Sayre. Petitioner was resentenced, presumably for purposes of appeal, by order entered April 3, 2014. She now appeals from that order.

We have previously held that we review "'sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. pt. 1, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State ex rel. Rubenstein v. Bloom*, No. 14-1043, 2015 WL 1716825, at *1 (W.Va. March 17, 2015).

On appeal, petitioner asserts two assignments of error. First, she contends that the circuit court erred in not granting her motion for judgment of acquittal tendered at the end of the State's case-in-chief.[2] Her second assignment of error is that the circuit court erred in denying her motion for a judgment of acquittal at the end of petitioner's case-in-chief and in denying her motion for a new trial. With regard to both motions for judgment of acquittal, petitioner argues that her conviction should be overturned because the underlying charge of concealment of a deceased body is ambiguous and cannot be proven. She further argues that the element of criminal activity in West Virginia Code § 61-2-5a is too broad and should be narrowed. Petitioner also contends that the State failed to prove that the deceased died due to criminal activity, which she claims is the primary element of the offense against the State. Petitioner admits that Ms. Adams died as the result of an illegal drug overdose, which she concedes is criminal activity. However, she relies on the fact that neither she nor her co-defendants directly caused Ms. Adams's death. She asserts that the legislature only intended West Virginia Code § 61-2-5a(a) to apply to murder, voluntary manslaughter, and involuntary manslaughter, so this Court should narrow the statute accordingly. We disagree.

We have long held that

> [t]he trial court's disposition of a motion for judgment of acquittal is subject to our *de novo* review; therefore, this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). Further, we have recognized that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *Liberty Mut. Ins. Co. v. Morrisey*, __ W.Va. __, 760 S.E.2d 863 (2014) (quoting Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*,

---

[2] Both during trial and in her argument to this Court, petitioner refers to her motion as one for a directed verdict. However, as set forth in Rule 29 of the West Virginia Rules of Criminal Procedure, "[m]otions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place." Therefore, we refer to the same as a motion for judgment of acquittal.

144 W.Va. 137, 107 S.E.2d 353 (1959)). It should, however, be noted that we have held that "[a] statute, or an administrative rule, may not, under the guise of 'interpretation,' be modified, revised, amended or rewritten." Syl. Pt. 8, *Liberty Mut. Ins. Co.* (quoting Syl. Pt. 1, *Consumer Advocate Div. v. Pub. Serv. Comm'n*, 182 W.Va. 152, 386 S.E.2d 650 (1989)).

West Virginia Code § 61-2-5a(a) provides that

> [a]ny person who, by any means, knowingly and willfully conceals, attempts to conceal or who otherwise aids and abets any person to conceal a deceased human body where death occurred as a result of criminal activity is guilty of a felony and, upon conviction thereof, shall be confined in a correctional facility for not less than one year nor more than five years and fined not less than one thousand dollars, nor more than five thousand dollars.

Petitioner contends that the Legislature's intent is not clear in the plain language of the statute. In support of this assertion, she points to the notation in the House Bill that the draft statute was prepared "to create a crime for concealing a human body of a victim of a murder, voluntary manslaughter, or involuntary manslaughter." Petitioner's argument ignores the fact that the Legislature chose to change the language of the statute to encompass all "criminal activity." Because the language of the statute clearly and unambiguously includes all "criminal activity," this Court will not modify or rewrite the statute to limit it to murder, voluntary manslaughter, or involuntary manslaughter, as requested by petitioner.

As evidenced by the report from the Office of the Chief Medical Examiner, and as petitioner concedes, Ms. Adams died as the result of the ingestion of illegal bath salts and other drugs. At trial, the State presented evidence that proved that Ms. Adams used bath salts, heroin, codeine, and other narcotics before her death. The plain meaning of "criminal activity" includes the illegal use of bath salts and narcotics. Therefore, we find that the circuit court did not err in denying petitioner's first motion for judgment of acquittal.

Petitioner next argues that her conviction should be overturned because the State failed to prove a conspiracy under West Virginia Code § 61-10-31, so she was entitled to the grant of her second motion for judgment of acquittal and/or a new trial. She correctly asserts that "[i]n order for the State to prove a conspiracy under *W.Va. Code,* 61-10-31(1), it must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." Syl. Pt. 4, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981). Petitioner claims that the State provided no evidence to show that she knew about Ms. Adams's body until after it was discovered by the police and that the evidence shows that petitioner, at most, helped move a car without the knowledge of its contents. She asserts that her statements, provided voluntarily to police on September 21 and 27, 2012, contained no admissions that petitioner had knowledge of the deceased body.

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the

3

prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. Seen*, No. 14-0173, 2015 WL 1721012 (W.Va. April 10, 2015). As we found in *Less*, the agreement to commit a conspiracy "may be inferred from the words and actions of the conspirators, or other circumstantial evidence, and the State is not required to show the formalities of an agreement." 170 W.Va. at 265, 294 S.E.2d at 67 (citing *American Tobacco Co. v. United States*, 328 U.S. 781 (1946)). Further, "[i]t is not necessary that each conspirator involved in the conspiracy commit his or her own overt act. The overt act triggering the conspiracy as to all the conspirators can be committed by any one of their number." *Less*, 170 W.Va. at 265, 294 S.E.2d at 67 (citing *Bannon v. United States*, 156 U.S. 464 (1895)).

In the instant case, the State introduced the testimony of several witnesses who indicated that after they discovered that Ms. Adams had died, everyone at the location was visibly upset, including petitioner. The testimony also established that petitioner and her co-conspirators knew that Ms. Adams was dead, petitioner drove Ms. Adams's car to the car wash, and petitioner refused to be forthright with that information until specifically questioned by police. Petitioner's statements to police generally established that she knew that she was transporting Ms. Adams's body but had convinced herself that she was not, in part because petitioner also used illegal bath salts during the time in question. The jury heard the testimony from the witnesses and examined the evidence and weighed the credibility of the same. Based on the record before this Court, we find that petitioner has failed to carry her heavy burden in challenging the sufficiency of the evidence. Therefore, we find that the circuit court did not err in denying petitioner's second motion for judgment of acquittal or her motion for a new trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II