## GREGORY v. UNITED STATES et al.

(Circuit Court of Appeals, Fourth Circuit. February 17, 1921.)

No. 1877.

**Indictment and information ⊂⊃69—Poisons ⊂⊃9—Indictment charging sales of morphine in quantities and to persons unknown to grand jurors is sufficient.**

An indictment which charged that accused between two stated dates sold morphine to divers persons, both the exact quantities and the names of the recipients being unknown to the grand jurors, is sufficient against demurrer and motion to quash, on the ground that it failed to state the times and places and the persons to whom the drug was furnished.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

H. L. Gregory was convicted of the unlawful sale of morphine, and he brings error. Affirmed.

Barnard B. Evans, of Columbia, S. C., for plaintiff in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

PER CURIAM. The one question in this case is whether an indictment which, in addition to the other usual allegations, charged that the accused at various times between April 29, 1919, and March 31, 1920, sold, bartered, and gave away morphine to divers persons, both the exact quantities and the names of the recipients being, as the indictment alleged, to the grand jurors unknown, is sufficient as against demurrer and a motion to quash, on the ground that it failed to state the times and places at which or the persons to whom the drug was furnished. We think it was. Durland v. United States, 161 U. S. 314, 16 Sup. Ct. 508, 40 L. Ed. 709.

Affirmed.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes