## UNITED STATES v. KNOBLAUCH.

(District Court, D. Nebraska, Omaha Division. July 30, 1923.)

1. **Internal revenue ⊚⊶2—Act penalizing distiller defrauding United States not in conflict with Prohibition Act, and revived by supplemental act.**

Rev. St. § 3257 (Comp. St. § 5993), penalizing one engaged in carrying on business of distiller and distilling quantity of spirits and defrauding or attempting to defraud the United States of the tax thereon, was not directly in conflict with National Prohibition Act, within the supplemental act of November 23, 1921, reviving former laws not in such direct conflict.

2. **Internal revenue ⊚⊶47—Indictment need not specifically state how distiller defrauded or attempted to defraud the United States.**

Indictment charging that defendant distilled a quantity of spirits subject to internal revenue tax, and defrauded and attempted to defraud the United States of the tax thereon, need not state how he defrauded or attempted to defraud the United States.

⊚⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Internal revenue ☞47—Indictment held to allege sufficiently that spirits were alcoholic and subject to tax.**

Indictment alleging that defendant was a distiller, and distilled spirits subject to tax under internal revenue laws, and defrauded, or attempted or intended to defraud, the United States of the tax thereon, sufficiently alleged that the spirits were alcoholic and subject to tax.

4. **Internal revenue ☞47—Not necessary to allege unlawful distilling of spirits on which defendant defrauded or attempted to defraud the government.**

Indictment under Rev. St. § 3257 (Comp. St. § 5993), charging defendant with distilling spirits, and defrauding and attempting or intending to defraud the United States of the tax thereon, need not allege that he unlawfully distilled the spirits.

5. **Internal revenue ☞39, 40, 47—Statute as to failure to register stills applies only to those for producing spirits or substances mentioned in statute.**

Rev. St. § 3258 (Comp. St. § 5994), requiring one having custody or control of still or distilling apparatus set up to register it applies only to stills for distillation of spirits or production of substances mentioned in section 3248 (Comp. St. § 5982), and hence indictment not charging that stills were for distillation of spirits or production of such substances was demurrable.

6. **Internal revenue ☞2—Statute as to distillery signs held in conflict with Prohibition Act, and not revived by supplemenal act.**

Rev. St. § 3279 (Comp. St. § 6019), requiring distillers to display certain signs, is in direct conflict with National Prohibition Act, tit. 2, § 17, and hence not revived by the supplemental act of November 23, 1921.

7. **Internal revenue ☞47—Indictment charging that defendant carried on business of "distiller" without giving bond held insufficient.**

Indictment under Rev. St. § 3281 (Comp. St. § 6021), charging that defendant carried on business of "distiller" without giving bond, and with intent to defraud the United States, does not sufficiently show that still was for distillation of products mentioned in section 3247 (Comp. St. § 5981), as that section does not limit the meaning of the word "distiller" to such persons.

8. **Internal revenue ☞47—Indictment held not insufficient for lack of definite description of place, manner, and circumstances of offense alleged.**

Indictment under Rev. St. § 3282 (Comp. St. § 6022), charging making and fermenting of mash for production of spirits in building and on premises other than legally authorized distillery, and separation of alcoholic spirits from fermented mash by one not an authorized distiller, *held* not insufficient for lack of definite description of place, manner, and circumstances of the offense.

9. **Indictment and information ☞71—Charge must be sufficient to enable defendant to prepare defense and plead judgment when charged with same offense.**

An offense must be so alleged that defendant shall be apprised of the charge he is to meet, so that he may prepare his defense and plead judgment, if he is again charged with the same offense.

Criminal prosecution against Julius Knoblauch. On demurrer to the indictment. Overruled in part, and sustained in part.

J. C. Kinsler, U. S. Atty., and Geo. A. Keyser, Asst. U. S. Atty., both of Omaha, Neb.

Raymond T. Coffey and E. D. O'Sullivan, both of Omaha, Neb., for defendant.

MUNGER, District Judge. A general demurrer to the several counts of the indictment, in this and a series of similar cases, questions the sufficiency of the indictments to state a crime. The indictment was

found on March 30, 1923, and the counts seek to allege crimes under sections 3257, 3258, 3279, 3281, and 3282 of the Revised Statutes (Comp. St. §§ 5993, 5994, 6019, 6021, 6022). By the decision in United States v. Remus et al., 43 Sup. Ct. 197, 67 L. Ed. ——, by the Supreme Court of the United States on January 2, 1923, it has been settled that the act of Congress supplementing the National Prohibition Act of November 23, 1921 (chapter 134, § 5, 42 Stat. 222), had the effect to continue in force the "laws in regard to the manufacture * * * of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted," as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act (41 Stat. 305) or of the supplemental act.

In the Remus Case, he and his associates were charged in six counts with carrying on the business of a wholesale liquor dealer, of a retail liquor dealer, and of a rectifier without having paid the special tax required by law. Rev. Stats. § 3242 (Comp. St. § 5965). A demurrer was sustained to these counts, but the decision of the Supreme Court said this was erroneous as to three counts, which charged these offenses as occurring after the supplemental act took effect. All of the counts in the indictments now under consideration seek to charge offenses occurring after the supplemental act was in force.

[1] The first count of the indictment in the present case alleges that the defendant was engaged in carrying on the business of a distiller, and distilled a quantity of spirits which was subject to the internal revenue tax then imposed by law upon distilled spirits, and defrauded and attempted to defraud the United States of this tax on the spirits so distilled. The second count is similar, but charges that the act was done with the intent to defraud the United States of the tax. The particular provisions of section 3257, Rev. Stats. under which these counts were drawn are not directly in conflict with the National Prohibition Act. The Remus Case holds that Congress may tax what it also forbids. The provisions of the supplemental act revived and re-enacted the requirements for the tax on distilled spirits of this character, and while the National Prohibition Act forbids the distillation of alcoholic spirits except as provided for by that act, the supplemental act does not permit the distillation forbidden by the National Prohibition Act, but provides a punishment for any person who carries on the business of a distiller, and thereby defrauds or attempts to defraud the United States of any part of the tax on the spirits distilled by him. The provisions of this section augment the hazards of one who violates the National Prohibition Act by operating an unauthorized distillery of alcoholic spirits, but do not lessen the requirements of the National Prohibition Act.

[2-4] In support of the demurrer it is said that these counts do not state specifically how the defendant defrauded or attempted to defraud the United States, but that is not required to be stated. Coffey v. United States, 116 U. S. 427, 6 Sup. Ct. 432, 29 L. Ed. 681; United States v. Simmons; 96 U. S. 360, 24 L. Ed. 819; United States v.

Ulrici, Fed. Cas. No. 16,594. It is claimed that these should aver that the defendant distilled alcoholic spirits, but the allegation that he was a distiller, and distilled 4¼ proof gallons of spirits "then and there subject to tax under the provisions of the internal revenue laws of the United States of America," and defrauded, attempted to defraud, or had the intent to defraud, the United States of this tax on the spirits so distilled, is a sufficient allegation that the spirits were alcoholic and subject to tax. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819. It is further said that the failure to charge in the second count that the defendant "unlawfully" distilled the spirits is a fatal defect. In a statutory crime of this character it is not necessary to allege the act was unlawful. United States v. Thompson, Fed. Cas. No. 16,490; United States v. Staats, 8 How. 41, 12 L. Ed. 979; Bannon v. United States, 156 U. S. 464, 15 Sup. Ct. 467, 39 L. Ed. 494; Wood v. United States, 204 Fed. 55, 122 C. C. A. 369. And this is especially true where it is charged that the act forbidden by the statute was done with intent to defraud the United States of the tax.

[5] Counts 3 and 4 are drawn under the provisions of section 3258, Rev. Stats. (Comp. St. § 5994), and allege that the defendant had possession and custody of stills which were set up, but failed and neglected to register the stills with the collector of internal revenue by filing written statements of the place where the stills were set up and of the kind and cubic contents of the stills, the owner thereof, his place of residence, and the purpose for which the stills were used or intended to be used. These counts do not charge that the stills were for the distillation of spirits, or for the production of any of the substances defined in section 3248, Rev. Stats. (Comp. St. § 5982). No case has been cited holding that section 3258 applies to the production of other spirits or liquids and the general provisions of the Internal Revenue Act in which these sections appear indicate that the purpose of Congress was to regulate the production only of the spirits defined in section 3248. The demurrer will be sustained as to these counts.

[6] Count 5 complains of the failure of the defendant to place conspicuously on the outside of the building where the business of a distiller of spirits was carried on a sign in plain and legible letters, not less than three inches in height of the name of the distiller, with the words "Registered Distiller," and is founded on the provisions of section 3279, Rev. Stats. This section must be held to be in direct conflict with section 17 of title 2 of the National Prohibition Act, which makes it unlawful to advertise anywhere, or by any means or method, liquor or the manufacture of liquor, and hence its requirements were not revived by the supplemental act.

[7] Counts 6 and 7 are drawn under section 3281 of the Revised Statutes (Comp. St. § 6021). They charge that the defendant carried on the business of a distiller without giving bond as required by law, and with intent to defraud the United States, and the objections that led to sustaining the demurrer to counts 3 and 4 require the demurrer to be sustained to these counts. It is urged in support of these counts that section 3247 (Comp. St. § 5981) defines the word "distiller"; but this section does no more than include in the term "distiller" those per-

sons who make the products there specified, and do not undertake to narrow the word "distiller" to those persons only. As there is distillation of very many liquid products, some of which do not contain alcohol, the word "distiller," without more, cannot be held to be limited to those who produce alcohol or the substances referred to in section 3247.

[8, 9] Counts 8 and 9 are drawn under section 3282, Rev. Stats., and charge the making and fermenting of a mash fit for the production of spirits in a building and on premises other than a legally authorized distillery, and the separation of alcoholic spirits from a fermented mash by the defendant when he was not an authorized distiller. An objection is made to these counts, and also to counts 1 and 2, that there is a lack of a definite description of the place or manner and circumstances of the offense alleged. It is required that an offense be alleged, so that the defendant shall be apprised of the charge he is to meet, so that he may prepare his defense, and so that he may plead the judgment in the case, if he is again charged with the same offense. It is not necessary to plead the evidence, but only the ultimate and necessary facts. In the case of Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162, an indictment essentially similar to the terms of counts 1 and 2, although arising under the section relating to carrying on the business of a retail liquor dealer, was held good against a motion in arrest of judgment. The place of the alleged crime was stated only as in a county of the state. It was said that only by a special demurrer could the question be properly raised, but no decision was given as to the necessity for a more specific allegation in case objection had been taken in time.

Indictments no more definite than this have been sustained in Wick v. United States, 290 Fed. 191 (May 28, 1923), a decision by the Circuit Court of Appeals of this circuit, and in the cases of Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709, Gregory v. United States (C. C. A.) 272 Fed. 119, and United States v. Luther (D. C.) 260 Fed. 579. See, also, 1 Bish. Cr. Proc. § 370. The defendant, if he should find it necessary to plead the acquittal or conviction in this case in bar of another prosecution, has the right (as is often necessary) to produce evidence of the facts involved in this case (Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709), and has the privilege of a bill of particulars, if he has any real ignorance of the facts of the charge against him. Inasmuch as the decision in the Ledbetter Case holds that all the essentials of the crime were charged there, it must be held that they are also charged here as against a general demurrer, and under section 1025, Rev. Stats. (Comp. St. § 1691) the indictment is not to be held insufficient for lack of form.

The demurrer will be overruled as to counts 1, 2, 8, and 9, and sustained as to counts 3, 4, 5, 6, and 7.