## CZARNECKI et al. v. UNITED STATES.
### No. 6372.

Circuit Court of Appeals, Third Circuit.
Feb. 8, 1938.

C. Raymond Lyons, of New Brunswick, N. J. (Herman D. Ringle, of New Brunswick, N. J., of counsel), for appellants.

John J. Quinn, U. S. Atty., of Red Bank, N. J., and Thorn Lord, of Trenton, N. J.

Before THOMPSON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

The appellants were tried to a jury upon an indictment of four counts. The jury returned a verdict of guilty as to both appellants upon both the second and fourth counts.

The second count charges a violation of the provisions of section 3258 of the Revised Statutes of the United States, 26 U. S.C.A. § 1162, modified as hereafter set out, in that the appellants had in their possession and custody and under their control a still set up and had failed to register it with the district supervisor of the Alcohol Tax Unit in the Bureau of Internal Revenue in the Fourth District of the United States. This count also charges that the still was intended by the appellants for the unlawful production of distilled spirits for beverage and commercial purposes. The fourth count of the indictment charges that the appellants concealed distilled spirits, upon which the tax had not been paid, theretofore removed to a place other than a bonded warehouse, with intent to defraud the United States.

The circumstances of the case are as follows: Upon the evening of August 18, 1936, agents of the Alcohol Beverage Control Unit of the State of New Jersey located a still in a building in East Brunswick township, Middlesex county, N. J. This still was not in operation and no one was discovered upon the premises. The agents kept a continuous watch upon the building housing the still until the morning of August 23, 1936, when the appellants entered the building. The agents waited an half hour, entered the building, and placed the appellants under arrest. At this time, Kulas was engaged in disconnecting the pipe between the pump and the cooker on the still; Czarnecki was upon the column itself, engaged in disconnecting it.

Eleven cans of alcohol, designated as "high wine," were found within the building. There was also present a quantity of coke and material ordinarily used to operate a still. The still itself was not in operation. The appellants testified that they had come upon the premises to steal the still, with the intention of selling the material which composed it as junk.

As to the Conviction of the Appellants upon the Second Count of the Indictment.

In order to set forth a brief history of section 3258 of the Revised Statutes, we state that this section was derived from the Act of July 20, 1868, c. 186, § 5, 15 Stat. 126, and from the Act of December 24, 1872, c. 13, §§ 1, 2, 17 Stat. 401, 402, was repealed by the National Prohibition Act, 27 U.S.C.A. § 1 et seq., and was re-enacted and revived by the Act of November 23, 1921, c. 134, § 5, 42 Stat. 222, the Willis-Campbell Act, 27 U.S.C.A. §

3, supplemental to the National Prohibition Act. United States v. Stafoff, 260 U.S. 477, 43 S.Ct. 197, 67 L.Ed. 358. By subsequent legislation the designation of that officer of the United States by whom and with whom a still set up should be registered has been changed from time to time. It is the contention of the appellants that section 3258 has been wholly superseded and repealed by implication by article 14 of Regulations 3, promulgated by Bureau of Prohibition, Treasury Decision No. 54, authorized by the Prohibition Reorganization Act of May 27, 1930, 46 Stat. 427, 27 U.S.C.A. §§ 101-108. They contend this because article 14 requires every person, including any proprietor of an industrial alcohol plant, having possession, custody, or control of a set up still to register it with the district supervisor, meaning the supervisor of permits in the Bureau of Industrial Alcohol; that therefore the second count of the indictment by its language does not charge an offense against the United States. The appellants further contend that, since article 14 contains exceptions to the requirement of registration (for example glass laboratory stills of small capacity), these exceptions must be negatived in the indictment. In the case at bar, since the count under discussion does not negative the exceptions, the appellants urge that it is insufficient in this respect as well. United States v. Carney, D.C., 228 F. 163; United States v. Wood, D.C., 159 F. 187.

The appellants take the position that article 14 of Regulations 3 is still in full force and effect and must be held to be itself unmodified because of the decision of this court in Helvering v. Druggists' Specialties Co., 3 Cir., 76 F.2d 743.

We are unable to accept this conclusion. The decision of this court referred to held simply that title 3 of the National Prohibition Act, 27 U.S.C.A. § 71 et seq., was still in force despite the Twenty-First Amendment. The decision in Helvering v. Druggists' Specialties Company cannot be construed to mean that the provisions of section 3258 of the Revised Statutes, 26 U.S.C.A. § 1162, modified by article 14 of Regulations 3, could not be further modified by regulations properly issued pursuant to the authority of subsequent statutes.

This is what in fact occurred. That provision of section 3258, requiring registration of a set up still with the collector of the district, first changed by article 14 of Regulations 3, was further modified. The designation of an officer of the United States to receive registrations was again changed pursuant to the authority of the Act of June 30, 1932, as amended by the Act of March 3, 1933, c. 212, title 2, § 16, 47 Stat. 1517, 1518, 5 U.S.C.A. §§ 124 to 128. Executive Order No. 6639, effective March 10, 1934, 5 U.S.C.A. § 132 note, was issued by the President under the authority of the act referred to. By this Executive Order the Commissioner of Internal Revenue, subject to the approval of the Secretary of the Treasury, was empowered to prescribe regulations for the enforcement of the law under such provisions of the National Prohibition Act and amendments thereto which had not been rendered inoperative by the Twenty-First Amendment. Accordingly, the Commissioner of Internal Revenue issued Treasury Decision No. 4432, the third paragraph of which imposed upon the Deputy Commissioner in charge of the Alcohol Tax Unit and upon his assistants all the rights and duties conferred upon the Secretary of the Treasury and the Commissioner by Executive Order No. 6639, and section 4(a) of the Reorganization Act of March 3, 1927, c. 348, § 4(a), 44 Stat. 1382, 5 U.S.C.A. § 281c(a), 26 U.S.C.A. § 1340, in so far as these relate to duties to be performed under paragraph 2 of the Treasury Decision. The right and duty to receive the registration of set up stills thereupon passed to the Deputy Commissioner of Internal Revenue in charge of the Alcohol Tax Unit. Paragraph 4 of the Treasury Decision, however, provided that all regulations prescribed for the enforcement of the law, theretofore administered by the Commissioner of Industrial Alcohol and his assistants or by the Bureau of Industrial Alcohol, should continue in effect as Regulations of the Bureau of Internal Revenue. Paragraph 4 of the Treasury Decision also provided that the term "Supervisor or Supervisors of Permits," whenever used in the regulations, should be held to mean "District Supervisor."

The effect of the changes worked in respect to section 3258 consists of nothing more than a substitution of another officer for registration in lieu of the collector of the district as originally designated by the statute. The change so worked is binding upon the public and fulfills

the requirement of law.[1] We are therefore of the opinion that the right and duty to receive the registration of set up stills was vested in the district supervisor of the Alcohol Tax Unit as the agent and assistant of the Deputy Commissioner of Internal Revenue at the time referred to in the indictment. If the appellants had in their possession and custody or under their control a still set up and had not registered it with the officer designated, they committed a violation of the law.

The appellants also contend that, if we hold that section 3258 is not repealed by article 14 of Regulations 3, we are then bound to conclude that section 3258 applies only to stills for the production of beverage liquors, and that article 14 of Regulations 3 applies to stills for the production of commercial alcohol. We can see no basis for such a contention. We are of the opinion that section 3258, modified as indicated, applies to all set up stills and that no plausible argument can be advanced for an arbitrary distinction in requirements of registration dependent upon the purpose for which the still was set up.

We are of the opinion that the purpose for which the still is to be used is immaterial, and in so holding we do not follow the decision in the case of United States v. Knoblauch, D.C., 291 F. 407, in so far as it may be applicable to the case at bar. Section 3258, 26 U.S.C.A. § 1162, requires the registration of every set up still for the protection of the revenue. The possession of a still set up and not registered is made malum prohibitum by the terms of the statute. Since the statute itself requires the purpose for which the still is to be used to be set forth in the application for registration, any pertinency of the purpose for which the still is to be used is eliminated. Intent is not an ingredient of the offense. The statute must be construed literally.

The learned trial judge in his charge correctly enunciated the principle that possession or custody of a still set up and unregistered was in and of itself a violation of the law and that it was the intention of Congress to require the registration of every set up still.

The appellants contend that the court below erred in refusing to allow them to testify as to their conviction in a state court for the attempted theft of the still. They urge that such conviction was part of the res gestæ and that evidence of it was admissible in corroboration of their own statements of their intended theft. In rejecting such evidence the trial judge did not commit error. The appellants were upon their trial as charged in the indictment, and their conviction in a state court upon another charge was not evidence.

We deem it unnecessary to comment extensively upon that conduct of the district attorney objected to by the appellants. We can discover nothing in his language, complained of by the appellants, which in the words of the opinion in Diggs v. United States, 9 Cir., 220 F. 545, 557, is "so offensive or inflammatory * * * as to require us on that ground to reverse the judgments." Fitter v. United States, 2 Cir., 258 F. 567, 573; Dunlop v. United States, 165 U.S. 486, 498, 17 S.Ct. 375, 41 L.Ed. 799. Further, the trial judge expressly charged, "Conduct of counsel not consistent with the proofs and the proper procedure of the trial, should be discredited and in nowise considered in reaching your determination and verdict." The rights of the appellants were adequately protected by this charge.

In conclusion we state that there was ample evidence to send the case to the jury upon the second count of the indictment. In this connection it should be noted that the appellants, though alleging themselves to be thieves, drove directly to the premises and entered the building housing the still. They did this without hesitation, though they were the first persons to approach the still for five days. The sounds which they made inside the building were audible to the officers hidden at some distance from the building. Such conduct is not entirely compatible with thievery. But, be that as it may, when arrested the appellants had possession and custody of the

---

[1] See Whitcombe v. United States, 3 Cir., 90 F.2d 290, 293; United States v. Dibella, 2 Cir., 28 F.2d 805; United States v. Lecato, 2 Cir., 29 F.2d 694; Silva v. United States, 9 Cir., 35 F.2d 598; Connley et al. v. United States, 9 Cir., 46 F.2d 53; Scott v. United States, 10 Cir., 78 F.2d 791; Benton v. United States, 4 Cir., 80 F.2d 162. We refer particularly to the note upon this subject by Judge Soper to the opinion in the last cited case. By analogy see, also, United States v. Minker, D.C., 19 F.Supp. 409.

still and plainly had exercised dominion and control over it. The appellants may have been agents of the owners in order to remove the still to a safer place; they may have been thieves as they contend; but the question of their possession, custody, or control was properly one for the jury.

As to the Conviction of the Appellants upon the Fourth Count of the Indictment.

■ In respect to the conviction of the appellants upon the fourth count of the indictment, we are of the opinion that there was no sufficient evidence that the appellants, or either of them, had removed or aided or abetted in the removal, concealed or aided in the concealment, of the distilled spirits or "high wine" found upon the premises housing the still.

Accordingly, the judgment of the court below as to both appellants is affirmed as to the second count and reversed as to the fourth count.