**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Shelby Louis POLLACK, Defendant-Appellant.**

**No. 28439.**

United States Court of Appeals,
Fifth Circuit.

June 29, 1970.

Steadman S. Stahl, Jr., Varon & Stahl, Edward M. Kay, Hollywood, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., William A. Daniel, Jr., Asst. U. S. Atty., Lloyd G. Bates, Jr., Miami, Fla., for plaintiff-appellee.

Before BELL, COLEMAN, and AINSWORTH, Circuit Judges.

PER CURIAM:

A jury convicted Shelby Louis Pollack of sixteen counts of mail fraud, 18 U.S. C.A § 1341, and of conspiracy, 18 U.S. C.A. § 371. He was sentenced to imprisonment for three years. We affirm.

Pollack was indicted jointly with Julian Graham Silver and Samuel David Roseman. The case came on for trial on August 6, 1969. Counsel for all defendants were present. It was announced that Roseman was in the hospital, critically ill from a heart attack. Silver announced ready for trial. Pollack moved for a continuance on the ground that Roseman was an indispensable witness in his behalf. Roseman, as a co-defendant, could not have been compelled to testify; his attorneys gave no indication of his willingness to testify. The trial court gave Pollack an opportunity to obtain a statement in writing from Roseman of his willingness to take the witness stand. It was then represented that Roseman was too ill to be interviewed. Although Pollack asked for an "evidentiary hearing" on the indispensability of Roseman as a witness, there was no affidavit or other showing of any kind as to what testimony was expected of Roseman. The indictment had been pending for about seven months but there was not a shred of evidence from any source that this codefendant had manifested an intention to take the witness stand. In this posture of the case, the court denied Pollack's request for a continuance. This was not an abuse of the sound discretion vested in trial courts in such matters, Blackwell v. United States, 5 Cir., 1969, 405 F.2d 625.

A witness by the name of Iacobucci had been unable to identify Pollack when shown pictures of him. On the morning of the trial he was shown a single picture but still did not identify the defendant. Later, in a courthouse corridor, at a time when no officers were present, Iacobucci recognized Pollack when he unexpectedly encountered him in person. He subsequently identified him in open court from the witness stand. It is now said that permitting the in court identification was error. We disagree. Simmons v. United States, 1968, 390 U.S. 377, 88 S.Ct. 967,

19 L.Ed.2d 1247; United States v. Venere, 5 Cir., 1969, 416 F.2d 144; Fitts v. United States, 5 Cir., 1969, 406 F.2d 518. See, also, Section 3502 of Title 18, U.S.C.A., eye witness testimony admissible under the Omnibus Crime Control and Safe Streets Act of 1968, Public Law 90–351, Title II, Section 701(a), June 19, 1968, 82 Stat. 211.

 The jury was shown a moving picture film of Pollack, taken while he was engaged in certain activities relevant to the charges contained in the indictment. It is complained that Pollack was prejudiced by remarks of the agent while narrating the film to the jury. A reading of the record reveals that most of the objections on this score were specifically sustained and the remarks stricken. As to the others, the court plainly held that the statements were hearsay although it did not formally strike them. Pollack's counsel did not ask that they be stricken. In the overall context of this trial these episodes were exceedingly small ripples on the surface of a rather large pond. They were clearly of no moment and they present no occasion for reversal.

The judgment of the District Court is Affirmed.