UNITED STATES of America

v.

Orlando Maurice **DORANTES** et al.

Appeal of Walter **HUDGINS**, in No. 72–1267.

Appeal of Marvin Corey **EDWARDS**, in No. 72–1268.

Nos. 72–1267, 72–1268.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 20, 1972.

Decided Nov. 8, 1972.

---

Harold L. Randolph, Philadelphia, Pa., for appellant Walter Hudgins.

Samuel Dashiell, Philadelphia, Pa., for appellant Marvin Corey Edwards.

Richard M. Meltzer, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before STALEY, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellants were indicted for violations of Title 18 U.S.C. Sections 2113 and 2. The first four counts charged Edwards with the commission of a bank robbery. Count 5 charged Hudgins with aiding and abetting the robbery. Appellants were tried to a jury and found guilty as charged.

On appeal Edwards argues that the district court erred in admitting the in-court identification testimony of two bank employees. His theory is that their testimony should have been excluded because the witnesses had seen him before testifying, and no out-of-court line-up was held. With this we disagree.

In order to testify at trial, an identification witness need not have participated in a pre-trial out-of-court line-up. United States v. Hill, 449 F.2d 743, 744 (C.A.3, 1971); United States v. Furtney, 454 F.2d 1, n. 2 (C.A.3, 1972). In addition, the record reveals that the district court held a hearing, as required by *Furtney,* supra, to determine the admissibility of the identification testimony. We can find no error in this regard.

Appellant Hudgins submits that the testimony of his codefendant, Dorantes, was so unworthy of belief as to be accorded no credibility. This argument is frivolous. We have also considered his contention based upon the disappearance of Edwards after the trial had begun. We find this argument to be without merit.

The judgment of the district court will be affirmed.