UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

**1.**

_____

No. 00-60275

(Summary Calendar)
_____

GARY LEE; AMANDA LEE,

Plaintiffs - Appellants,

versus

E I DUPONT DE NEMOURS & COMPANY,

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi

April 19, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Gary Lee, an employee of independent contractor Brown & Root, was injured when he fell

from a scaffold he was disassembling in a DuPont facility in Mississippi. He brought suit against

DuPont, claiming strict liability, breach of implied warranties, and negligence based on a theory of

premises liability. His wife, Amanda Lee, joined him and claimed loss of consortium. In an initial

grant of summary judgment, the district court dismissed most of the Lees' claims, but left open the

issue of premises liability, allowing for the possibility that the Lees might show that DuPont retained *de facto* (as opposed to contractual) control over the scaffold, and that the scaffold proved to be defective, causing injury to Lee. On a subsequent motion for summary judgment, the district court again ruled in favor of DuPont, finding no genuine issues of material fact as to DuPont's *de facto* control, no evidence of the alleged defect in the scaffold at the time it was turned over to Brown & Root, nor any facts that would have put DuPont on notice of any dangerous condition in the scaffold. We vacate and remand.

Gary Lee was disassembling a scaffold inside a chlorinator at DuPont's DeLisle facility when he kicked up a piece of grating that was not adequately secured to a support structure, fell off the scaffold, and injured himself. At the time of the accident, Lee was an employee of Brown & Root. Brown & Root had contracted to perform routinely scaffolding construction for DuPont, assuming responsibility for, *inter alia*, (1) "the employment, control, and conduct of its employees and for the injury of such employee or employees," (2) "moving...the materials...and equipment delivered to the job site," and acknowledging that (3) "it is familiar with the nature and location of the authorized work and has ascertained the general and local conditions bearing on the performance of such work."

These contractual provisions notwithstanding, the Lees assert that DuPont's *de facto* control over the scaffold supports their cause of action against DuPont for negligence. They argue that DuPont's ownership of the custom-made scaffold, DuPont's authority to audit the work on the scaffold, DuPont's requirement that all contractors comply with its safety regulations, DuPont's investigation following the accident, DuPont's suspension of use of the scaffold until the investigation was complete, and DuPont's remedial measures following the accident all point to this *de facto* control over the scaffold. The district court disagreed, finding no genuine issues of material fact to

support the Lees' claims.

We review the decision of the district court *de novo*, applying the same standard that guided the district court's determination. *See, e.g., McKee v. Brimmer*, 39 F.3d 94, 96 (5th Cir. 1994). Summary judgment is properly granted when the court determines that there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review the evidence in the light most favorable to the nonmoving party, the Lees. *See McKee*, 39 F.3d at 96. Because this is a Mississippi-based diversity action, we look to the substantive law of Mississippi to determine whether such genuine issues of material fact exist. *See id*.

Mississippi insulates owners (DuPont) from liability in suits by a contractor's workers (Lee) where the "right and fact of control of the premises and the nature and detail of the work" has been delegated to the contractor (Brown & Root), and the "injuries arose out of or were intimately connected with the work." *Magee v. Transcontinental Gas Pipeline Corp.*, 551 So.2d 182, 185 (Miss. 1989). This protection is not available, however, if the owner has retained a substantial "right of control over the performance of that aspect of the work that has given rise to the injury." *Id* at 186. To determine how the right of control has been divided between owner and contractor, we look first to the contract itself. *See id.* Here, the district court held as a matter of law that contractual control over the scaffold was delegated to Brown & Root, and granted summary judgment in favor of DuPont on this issue. This ruling has not been appealed.

We look second to the level of *de facto* control retained by the owner. Specifically, the plaintiff must show that "the owner maintained substantial de facto control over those features of the work out of which the injury arose," such that premise owner liability is nevertheless justified. *Id.* The Lees advance several arguments to support this showing of *de facto* control.

-3-

First, the Lees point to perhaps the most obvious aspect of *de facto* control, DuPont's ownership of the scaffold. It is commonsensible that ownership indicates a certain amount of control, but the very concept of insulation from premise owner liability undermines the argument that ownership alone is sufficient to establish control. Second, the Lees assert that DuPont's safety regulations and reserved right to audit Brown & Root's work creates the requisite *de facto* control. This argument also fails because Mississippi courts have explicitly found that the right to conduct periodic inspections is not dispositive evidence of *de facto* control. *See Magee*, 551 So.2d at 185-86; *see also Warden v. E.I. Du Pont De Mours*, Civ. A. No. 90-0289 (1991 WL 13777), Jan. 28, 1991 (E.D. La. 1991) ("Du Pont's contractual authority, whether exercised or not, to inspect the job site and suspend work for safety violations does not amount to actual control.").

Finally, the Lees highlight the remedial measures taken by DuPont since the accident as evidence of *de facto* control at the time of the accident. The Lees allege that following the accident, DuPont shut down the chlorinator, headed an investigation into the cause of the fall, and instituted changes in both the design of the scaffold and the assembly/disassembly procedures. These allegations were presented to the district court in the Memorandum in Support of Plaintiffs' Response to Defendant's Second Motion for Summary Judgment. The district court's summary judgment order does not, however, address the Lees' remedial measures allegations.

Mississippi generally permits evidence of subsequent remedial measures as relevant to the issue of past control. *See Sumrall v. Mississippi Power Co.*, 693 So.2d 359, 365 (Miss. 1997) ("We find that evidence that Mississippi Power shut down the project after the accident and brought in engineers to ensure the safe completion of the project, although not conclusive, was relevant to whether Mississippi Power had control at the time of the accident."). In *Sumrall*, the plaintiff, an

-4-

employee of an independent contractor, sued Mississippi Power for injuries sustained during an excavation project. The case went to trial, and the jury returned a verdict in favor of Mississippi Power on the issue of *de facto* control. Before the Mississippi Supreme Court, Sumrall argued that the trial court erroneously excluded the evidence of remedial measures taken by Mississippi Power after the accident. The Supreme Court agreed, and granted a new trial with instructions to the trial court to admit the evidence under a limiting instruction.[1]

Although Mississippi law is unclear on the extent to which evidence of remedial measures alone may be probative of *de facto* control, under *Sumrall* it appears that at a minimum such evidence must be considered in conjunction with the plaintiffs' broader allegation of *de facto* control. Accordingly, we remand to the district court for consideration of the effect of the Lees' remedial measures allegations on its grant of summary judgment. *See, e.g., Rokohl v. Texaco, Inc.*, 77 F.3d 126, 130-31 (5th Cir. 1996) ("[e]ven though, in our *de novo* review, we could consider summary judgment on that issue, we think it advisable to remand the claim to the district court for it to give this issue its initial consideration.").

The district court's grant of summary judgment to DuPont is VACATED and REMANDED.

---

[1]The Supreme Court's decision was based upon Mississippi Rule of Evidence 407, which provides that "[w]hen, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving...control...." *Sumrall*, 693 So.2d at 365.