IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41335
Summary Calendar

_____


JOHNNIE Y. ROBERTS,

                                        Plaintiff-Appellant,

                        versus

TEXAS DEPARTMENT OF HUMAN SERVICES,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 6:99-CV-632
_____

October 31, 2001

Before JOLLY, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Johnnie Roberts filed the instant Title VII action against her

former employer, the Texas Department of Human Services ("DHS"),

alleging racial discrimination, retaliation, and a hostile work

environment.  The district court dismissed most of Roberts' claims

on the basis of res judicata.  As to the remaining claims, the

district court granted summary judgment for DHS because Roberts

could not establish a prima facie case of retaliation and had not

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presented sufficient evidence of a hostile work environment. Finding no error, we affirm.

I

Johnnie Roberts began working as a Medicaid Eligibility worker at DHS in 1981. She was promoted in 1986 and again in 1988.

In 1995, after filing a charge with the EEOC, Roberts filed a Title VII action in federal court, alleging race discrimination and retaliation. The district court granted partial summary judgment for DHS. The case proceeded to trial in 1998, and a jury returned a verdict for DHS on all remaining claims.

Roberts continued to work at DHS, but her relationship with her co-workers began to deteriorate in late 1998. As the district court noted, Roberts was disciplined for not following instructions from her supervisor, sending derogatory e-mail messages, and angrily confronting co-workers and a hospital administrator. Finally, in June 1999, Roberts' employment was terminated.

Roberts filed this Title VII action in November 1999. In October 2000 the district court granted DHS' unopposed motion for judgment on the pleadings, leaving only Roberts' claims of Title VII retaliation and a hostile work environment. The district court then granted DHS' motion for summary judgment on these remaining claims. Roberts has appealed the summary judgment order only.

II

A

Roberts alleges that she experienced a hostile work

environment.  To establish a prima facie case of a hostile work environment that violates Title VII, Roberts must create a fact issue on each element: (1) racially discriminatory intimidation, ridicule and insults; (2) that are sufficiently severe or pervasive; (3) so as to alter the conditions of employment; and (4) create an abusive working environment.  Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000).

As noted by the district court, most of Roberts' claims of a hostile work environment either were or could have been litigated in her first lawsuit.  Res judicata prohibits either party in a prior action from raising any claim or defense in a later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action.  Res judicata insures the finality of judgments, conserves judicial resources, and protects litigants from multiple lawsuits.  United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994).  Res judicata has four elements:  the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action; the judgment in the prior action must have been rendered by a court of competent jurisdiction; the prior action must have concluded with a final judgment on the merits; and the same claim or cause of action must be involved in both suits.  Id.

In the instant lawsuit, the parties are the same as those in the prior lawsuit.  The court which tried the first lawsuit was a court of competent jurisdiction.  The lawsuit ended in a final

judgment on the merits for DHS. Finally, most of Roberts' hostile environment allegations involve incidents that occurred prior to the trial of her 1998 lawsuit. These claims were or could have been tried in Roberts' prior lawsuit, and are therefore barred from retrial by res judicata.

Roberts has one remaining claim that involves incidents subsequent to her first lawsuit. She alleges that she was subject to demeaning statements by whites about blacks, and that she complained to her supervisor Deason about this but Deason did nothing. In order to establish a claim for hostile environment harassment, Roberts must demonstrate that the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment. Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986). Sporadic racial comments during casual conversation do not establish the necessary elements for a prima facie case. Hicks v. Gates Rubber Co., 833 F.2d 1406, 1412 (10th Cir. 1987). Roberts must prove more than just a few isolated incidents of racial enmity. See Snell v. Suffolk Co., 782 F.2d 1094, 1103 (2d Cir. 1986); Gilbert v. City of Little Rock, 722 F.2d 1390, 1394 (8th Cir. 1983), cert. denied, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984). It is only a violation of Title VII when the workplace is so "heavily polluted with discrimination as to destroy the emotional and psychological stability of the minority [employee]." Rogers v. EEOC, 454 F.2d

4

234, 238 (5th Cir. 1971), cert. denied, 406 U.S. 957 (1972).

Roberts has pointed to only two incidents when other employees made derogatory remarks. In the first instance a clerk and subordinate of Roberts' claimed that Roberts hired only black employees. In the second instance, Roberts alleges that an employee in her unit said she heard other employees state that Roberts only hired black employees and the employee was asked how she could work in a black unit. These incidents did not so "heavily pollute" the work environment and were not so severe or pervasive as to alter the conditions of Roberts' employment or to create an abusive working environment, as to constitute a violation of Title VII. We therefore affirm the district court's grant of summary judgment on this claim.

B

Roberts alleges that her discharge was retaliatory. The first two elements of Roberts' prima facie case are uncontested -- that she participated in a protected activity and that she suffered an adverse employment action. DHS contends, however, that Roberts failed to established a causal connection between the two.

On appeal from the grant of summary judgment, this court views the evidence in the light most favorable to the non-moving party. Lee v. E.I. DuPont De Nemours & Co., 249 F.3d 362, 364 (5th Cir. 2001). Roberts was fired by her supervisor, Deborah Deason. Roberts has failed to adduce any evidence that would prove that

Deason knew of Roberts' 1995 EEOC claim when Deason fired Roberts. Further, Roberts has presented no evidence that links her EEOC charge and her subsequent discharge. Her subjective belief that she was subject to discrimination is not alone sufficient to support her claim. See Price v. Marathon Cheese Corp., 119 F.3d 330, 337 (5th Cir. 1997). It does not help Roberts' case that four years passed between the filing of her complaint and her discharge. See Grizzle v. Travelers Health Network, 14 F.3d 261, 268 (5th Cir. 1994) (passage of ten months time between complaint to supervisor of age discrimination and discharge "suggests that a retaliatory motive was highly unlikely"). Thus, Roberts has failed to produce evidence that would establish a causal link between her EEOC charge and her termination, and has not met her prima facie burden of establishing retaliatory discrimination. We therefore affirm the grant of summary judgment to DHS on Roberts' retaliatory discrimination claim as well.

## III

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to DHS and the district court's dismissal of Roberts' complaint.

AFFIRMED

6