MERLE I. ZWEIFEL, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 6949

June 6, 1973                                        510 P.2d 872

[Rehearing denied June 19, 1973]

*George G. Holden,* of Battle Mountain, for Appellant.

*Robert List,* Attorney General, and *Herbert F. Ahlswede,* Chief Deputy Attorney General, Criminal Division, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Merle Zweifel appeals from his conviction on 16 counts of offering a false instrument for recording in contravention of

NRS 239.330 which provides: "Every person who shall knowingly procure or offer any false or forged instrument to be filed, registered or recorded in any public office, which instrument, if genuine, might be filed, registered or recorded . . . shall be punished. . . ."

The instruments were certificates of location of placer claims. Each certificate recited that a "location monument stands 200 feet due north of the center of the southern line of the claim" and that "not less than $20 was expended for trenching and sampling minerals."

The state contended that the monuments were not erected nor the trenching and sampling done at all, let alone in compliance in any respect with NRS Chapter 517 and appropriate sections thereof relating to placer claims.

Zweifel alleges that the instruments he filed were genuine, that is, bore the true signature of the maker and therefore were not forged, that the term "false" as used in the statute is synonymous with "forged," and that consequently he could not be guilty of the charges even if the information contained in the certificates was false.

Other grounds of error will also be discussed.

1. Zweifel's position regarding the definition of the term "false" is not well taken. The United States Supreme Court in United States v. Staats, 49 U.S. (8 How.) 41, 47 (1850); long ago ruled that a genuine instrument containing a false statement of facts was a false writing and the term was not to be considered synonymous with a forged writing. Effect must be given, if possible, to every word of a statute, Ex Parte Prosole, 32 Nev. 378, 108 P. 630 (1910). Appellant's interpretation that a "false" instrument is not one containing false information but instead one which is "forged" would render the term "false" in the statute redundant and with no meaning or effect. We therefore, supported by United States v. Staats, supra, refuse that interpretation.

2. Zweifel further complains that newspaper publicity deprived him of a fair trial. We do not find support for his complaint in the record, although a certain amount of publicity did result from unique charges. The publicity here did not exceed that of Pacheco v. State, 82 Nev. 172, 414 P.2d 100 (1966), wherein we held that the rules of fair play had not been offended nor was the adverse publicity of such offensive nature as to bring that case within Sheppard v. Maxwell, 384 U.S. 333 (1966). Furthermore, the meticulous jury selection

on this subject obviated a prejudiced jury. In fact, Zweifel made no challenges for cause and no peremptory challenges.

3. The real nub of this case is whether Zweifel in truth erected the required monuments and performed the required trenching and sampling that NRS Chapter 517 requires. He represented in the certificates that the monuments were placed in the described locations and that the other work was done but did not describe the kind of monument or the nature of the work. He testified that he erected monuments made of lath. Contrary to that testimony the Humboldt County Surveyor (the claims were located in Humboldt County) testified that less than one month after the claims were supposedly located and filed he searched the areas involved and found no monuments of any kind even remotely in the area of the described sites nor any evidence of trenching or sampling. Only a few pieces of scrap lath were seen strewn generally near a section line 200 feet south of the places where the monuments were supposedly located. Obviously the jury chose to believe that the defendant had not erected the monuments and that the representation in the certificates that he had done so rendered them false.

4. We find no merit in other asserted grounds of error. Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.