An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DEANN WIESNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64373

**FILED**

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of 2 counts of perjury and 15 counts of offering a false instrument for filing or record. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. We address two issues related to appellant Deann Wiesner's request to represent herself at trial.

First, Wiesner claims that the district court failed to conduct an adequate *Faretta*[1] canvass before denying her motion for self-representation. Wiesner asserts that the canvass was inadequate and did not comply with the provisions of Supreme Court Rule 253 because the court did not (1) warn her that she would not be able to raise an ineffective-assistance-of-counsel claim, (2) inform her that she would not receive special library access, (3) caution her that the prosecution would likely have an advantage over her, and (4) inform her that her defense could be diminished by her acting in the dual role of attorney and accused. This claim lacks merit.

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

14-31076

"The purpose of a *Faretta* canvass is to apprise the defendant fully of the risks of self-representation and the nature of the charged crime so that the defendant's decision is made with a clear comprehension of the attendant risks." *Hooks v. State*, 124 Nev. 48, 54, 176 P.3d 1081, 1084 (2008) (quotation marks omitted). "This court 'has rejected the necessity of a mechanical performance of a *Faretta* canvass,'" *Hymon v. State*, 121 Nev. 200, 212, 111 P.3d 1092, 1101 (2005) (quoting *Graves v. State*, 112 Nev. 118, 125, 912 P.2d 234, 238 (1996)), and "the district court certainly does not have an obligation to give the defendant specific warnings or advisements about every rule or procedure which may be applicable," *Harris v. State*, 113 Nev. 799, 803, 942 P.2d 151, 154-55 (1997). The record demonstrates that the district court conducted a "specific, penetrating and comprehensive inquiry," SCR 253(1), and Wiesner was apprised of the risks of self-representation. Therefore, we deny this claim.

Second, Wiesner claims that the district court erred by denying her motion for self-representation on an invalid basis. We agree.

"[B]efore allowing a defendant to waive counsel and represent [her]self, the trial court must ensure that the defendant is competent and that the waiver of counsel is knowing, voluntary, and intelligent." *Hymon*, 121 Nev. at 212, 111 P.3d at 1101. Although a person who is deemed competent to stand trial will generally be competent to waive the right to counsel, *see id.*, the United States Supreme Court has held that "the Constitution permits States to insist upon representation by counsel for those competent to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves," *Indiana v. Edwards*, 554 U.S. 164, 178 (2008). The choice for self-representation "can be competent and

intelligent even though the accused lacks the skill and experience of a lawyer, but the record should establish that the accused was made aware of the dangers and disadvantages of self-representation." *Vanisi v. State*, 117 Nev. 330, 338, 22 P.3d 1164, 1170 (2001) (quotation marks omitted).

Wiesner was deemed competent to stand trial. Although the district court found that Wiesner was not competent to choose self-representation under *Hymon* and mentioned that Wiesner is delusional, the record does not support a conclusion that the court found that Wiesner was unable to conduct the trial proceedings as a result of severe mental illness. Rather, the record demonstrates that the district court denied the motion for self-representation based on Wiesner's lack of legal knowledge. In denying Wiesner's motion, the district court found that she was "unable to make a knowing, voluntary, and intelligent waiver of counsel" and she "did not have the requisite legal knowledge to understand the significance of the waiver of counsel and the risks of self-representation." The court specifically noted that "[d]uring the *Faretta* canvass and other law and motion calendars, [Wiesner] constantly confused criminal and civil law when she addressed the Court." At the *Faretta* canvass, the judge stated that he believed representing herself was against Wiesner's best interest and he was "trying [his] hardest to protect [Wiesner's] rights and [ ] best interest." And during trial, the judge told Wiesner: "You see, that's why I didn't want to let you represent yourself. You mix up a lot of the law." This was an improper basis for denying the motion for self-representation. "The relevant assessment examines the accused's competence to choose self-representation, not [her] ability to adequately defend [her]self." *Harris*, 113 Nev. at 802, 942 P.2d at 153.

> [I]f a defendant willingly waives counsel and chooses self-representation with an understanding

Supreme Court
of
Nevada

(O) 1947A

> of its dangers, including the difficulties presented by a complex case, he or she has the right to do so. We discern no *Faretta* exception where a defendant's assertion of the right to self-representation would be especially unwise.

*Vanisi*, 117 Nev. at 341-42, 22 P.3d at 1172.

Because the record as a whole demonstrates that the district court relied on an improper basis for denying the motion for self-representation and denial of the right to self-representation "is per se reversible error," *Hymon*, 121 Nev. at 212, 111 P.3d at 1101, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                              Cherry

---

[2]Wiesner also claims that insufficient evidence supports her convictions. We disagree. The record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* NRS 199.120; NRS 239.330; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Zweifel v. State*, 89 Nev. 242, 510 P.2d 872 (1973) (holding that the terms "false" and "forged" as used in NRS 239.330 are not synonymous and presenting a genuine instrument containing a false statement constitutes offering a false writing).

We have considered all proper person documents filed or received in this matter. We conclude that Wiesner is only entitled to the relief described herein.

cc:    Hon. Douglas Smith, District Judge
Coyer & Landis, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk
Deann Wiesner

SUPREME COURT
OF
NEVADA

(O) 1947A